[L. A. No. 14706. In Bank.—November 26, 1934.]

GLOBE INDEMNITY COMPANY (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and ALOYSIUS MARMUROWICZ, Respondents.

J. L. Kearney for Petitioner.

Everètt A. Corten for Respondents.

WASTE, C. J.—The respondent Marmurowicz was employed as a waiter in the dining room of the Barker Hotel in the city of Los Angeles on August 27, 1933. At this same time a Miss Marshall was employed in the kitchen of said hotel. The latter was stationed at the salad and dessert counter and, among other things, was required to prepare and deliver to the respective waiters the salads and desserts ordered by them for patrons. On the day above mentioned Marmurowicz, in the course and scope of his employment, had placed an order for ice cream with Miss Marshall. Apparently the order was not immediately attended to whereupon, according to his testimony, Marmurowicz on at least two subsequent occasions repeated the order. He then asked or demanded why the order of ice cream was not filled and an argument ensued as to whether he had placed such an order. In the course of the argument Miss Marshall told Marmurowicz to "shut up" and then referred to him as a "dirty Polack". With this remark Marmurowicz walked around and in back of the counter and in the general direction of Miss Marshall, saying, "What was that you called me?" Other expressions passed between the parties. As to these the witnesses were either uncertain or in conflict. At the time Marmurowicz went behind the counter he had nothing in his hands. The evidence is contradictory as to whether he touched Miss Marshall. She testified that he seized her two arms and that in self-defense she picked up a long-bladed knife with which, in the resulting mêlée, Marmurowicz was stabbed in the chest, the blade

penetrating approximately six inches. Marmurowicz, on the other hand, denies that he touched Miss Marshall, and testified that as he entered the narrow space behind the counter she again told him to "shut up" and that he was then stabbed by a knife held by her. He was uncertain whether the stabbing was deliberate or accidental. The lady in charge of the kitchen testified that she did not see Marmurowicz strike at or in any way tussle with Miss Marshall prior to the stabbing; that he was not of a quarrelsome nature and was well liked; and that Miss Marshall had previously engaged in arguments with other employees. Marmurowicz accounted for his presence behind the counter by testifying that after Miss Marshall called him a "dirty Polack" he sought to personally procure the desserts he had ordered. This latter testimony was contradicted by Miss Marshall, who testified that he approached her with "fire" in his eyes and that she thereupon seized the knife as a means of protection. She also testified that it was "against the rules and regulations of the hotel kitchen" for the waiters to go behind the counter and serve themselves. In this latter respect she was contradicted by the lady in charge of the kitchen, who testified that it was "common practice" for the waiters to go behind the salad and dessert counter and personally fill their orders. The foregoing briefly narrates the circumstances surrounding the stabbing. The testimony of the principals is highly contradictory in other particulars which we shall not here attempt to designate.

Marmurowicz filed an application for adjustment of claim and at the conclusion of the hearing thereon the respondent commission found that he "sustained injury occurring in the course of and arising out of his employment". On this finding an award of temporary disability and for reimbursement for medical expense was made in his favor. The employer's insurance carrier seeks by this petition to have the same annulled on the ground that the injury to Marmurowicz was the result of a personal altercation between employees in which he was the aggressor and that said injury is not therefore compensable under the Workmen's Compensation Act. The commission, on the other hand, contends, in effect, that the rule relied on by petitioner is not applicable to a set of facts such as is here presented wherein the

altercation between employees arose over an incident to the employment.

We are not inclined to annul the award of the respondent commission. In so concluding we are not unmindful of the authorities which preclude an award of compensation for injuries resulting from ''horse play'' between fellow employees (*Coronado Beach Co.* v. *Pillsbury*, 172 Cal. 682 [158 Pac. 212, L. R. A. 1916F, 1164], or for injuries growing out of an altercation engendered by preexisting ill-will or personal animosity between such employees unconnected with and disassociated from the employment. (*Western Indemnity Co.* v. *Pillsbury*, 170 Cal. 686, 706 [151 Pac. 398].) In our opinion this cause should be governed by the rule recognized in the more recent cases permitting an award of compensation for injuries received in an altercation between employees growing out of the proper discharge of the employment. The latter rule is best typified by the case of *San Diego & Arizona Ry. Co.* v. *Industrial Acc. Com.*, 193 Cal. 341, 343 [223 Pac. 972], wherein the injured employee was shot by a fellow-employee. The circumstances surrounding the injury and the rule applied thereto are set forth in the following portion of the decision therein: ''From all the facts and circumstances surrounding the fatal shooting affray, we are convinced that the Industrial Accident Commission was justified in concluding that the assault upon Rote occurred in the course of and actually arose out of his employment. The shooting took place while Rote was actually performing a duty in the course of his employer's business at the roundhouse. It arose out of the employment and was incident thereto, in that the assault grew out of circumstances occurring in the course of his work and not out of any prior or personal quarrel. Giving full weight to the contention of petitioner that Trott, the roundhouse foreman, was angered by the visit and message of Rote that Trott cease blowing the roundhouse whistle at night, and that bad feeling resulted between Trott and the decedent therefrom, we are unable to accept petitioner's point of view that the injury can be considered only as one arising out of a prior and personal quarrel. From the beginning of the incidents which led up to the killing, the relations between the two men actually

arose out of the work of the two employees in the service of the petitioner."

Again, in *Globe Indemnity Co.* v. *Industrial Acc. Com.*, 193 Cal. 470, 471 [225 Pac. 273], this court had occasion to give expression to this more liberal rule. The cited case had to do with injuries growing out of an altercation between the cook and dishwasher of a restaurant as to the presence of unwashed dishes in the sink which the cook desired to use. In that case we declared: "The record is replete with evidence from which the respondent Commission was justified in finding that the injured cook was not the aggressor, and that there was not any prior or personal quarrel or bad feeling between the two men preceding the incidents of the morning in question or that arose out of any circumstances extraneous to the employment in which they were at that time engaged. The evidence also shows that neither of the participants in the dispute was unusually quarrelsome, except that the employer testified that he thought Griffith, the dishwasher, had rather a quick temper. Under these circumstances the Commission was justified in allowing compensation to Kopp. The injury was clearly one arising out of and in the course of his employment, within the meaning of the Workmen's Compensation Act (Stats. 1917, p. 831). (*Western Indemnity Co.* v. *Pillsbury*, 170 Cal. 686, 706 [151 Pac. 398]; *Warren Construction Co.* v. *Industrial Acc. Com.*, 64 Cal. App. 260 [221 Pac. 381].) It was received while Kopp was actually performing a duty in the course of his employer's business, and can fairly be said to be an incident of such employment. (*San Diego & Ariz. Ry. Co.* v. *Industrial Acc. Com.*, ante, p. 341, 223 Pac. 972.)"

From this examination of the authorities we conceive the rule to be that compensation will be granted for injuries due to assaults by fellow-employees where the same are fairly traceable to an incident of the employment and will be denied where they are the result of personal grievances unconnected in any way with the employment. The record in the present case indisputably indicates that the altercation leading to the injuries · for which compensation was awarded to Marmurowicz arose out of an incident to the employment. ▪ Of course, this alone would not warrant

an award if Marmurowicz was, in fact, the aggressor. (*Globe Indemnity Co.* v. *Industrial Acc. Com., supra; Wilson* v. *Carter,* 14 I. A. C. 78; *Turner* v. *Industrial Acc. Com.,* 17 I. A. C. 119.) However, in view of the uncertainty and sharp conflict in the evidence as to the nature and extent of the remarks preceding the quarrel and as to which person first laid hold of or struck the other we are of the opinion that the respondent commission's implied finding that Marmurowicz was not the aggressor must be sustained and the award affirmed. It is so ordered.

Shenk, J., Curtis, J., Langdon, J., Preston, J., Thompson, J., and Seawell, J., concurred.