[Civ. No. 7877.   Third Dist.   July 17, 1951.]

RUSSELL J. CONWAY, Appellant, v. FRANK GLOBIN, Respondent.

Maul, Hughes & Maul for Appellant.

Russell A. Harris for Respondent.

PEEK, J.—Plaintiff appeals from a judgment entered in favor of defendant by reason of plaintiff's failure to amend his complaint following the sustaining of defendant's demurrer thereto.

The complaint alleges that defendant is the owner of Globin's Resort at Lake Tahoe; that plaintiff was employed by defendant as manager thereof; that while plaintiff was engaged in the performance of his duties, defendant, without provocation, wilfully attacked him, tearing his clothes and striking him in the face and body; that as a result two of his lower front teeth were broken, necessitating the expenditure of money for dental services, and that it will cost an additional sum to replace the broken teeth. The prayer is for both compensatory and punitive damages. Defendant demurred to the complaint on the ground that it failed to state a cause of action in that the superior court had no jurisdiction of the cause of action, the matter being exclusively within the jurisdiction of the Industrial Accident Commission. The demurrer was sustained with leave to amend, and upon plaintiff's failure so to do, judgment was entered in favor of defendant.

The single issue presented is whether the allegations of the complaint established the conditions of compensation as provided in the Workmen's Compensation Law. If they do, it is admittedly apparent on the face of the complaint that appellant has no cause of action against respondent.

It is appellant's contention, however, that the injuries herein alleged resulted from a wilful assault and battery committed by the defendant employer, and hence are not injuries "arising out of and in the course of" plaintiff's employment as provided in section 3600 of the Labor Code.

Respondent's contention in support of the court's order is that since plaintiff alleges that his injuries were incurred while he was engaged in the performance of his duties as an employee of defendant, the situation so pleaded comes within the provisions of section 3600 of the Labor Code, and since plaintiff has pleaded no peculiar factual circumstances taking the cause out of the jurisdiction of the Industrial Accident Commission, that therefore the commission, under the provisions of section 3601 of the Labor Code, has exclusive jurisdiction of the cause.

The conditions essential to compensation are set forth in

section 3600 of the Labor Code, which reads as follows: "Liability for the compensation provided by this division, in lieu of any other liability whatsoever to any person except as provided in section 3706, shall, without regard to negligence, exist against an employer for any injury sustained by his employees *arising out of and in the course of the employment* and for the death of any employee if the injury proximately causes death, in those cases where the following conditions of compensation occur:

"(a) Where, at the time of the injury, both the employer and the employee are subject to the compensation provisions of this division.

"(b) Where, at the time of the injury, the employee is performing service growing out of and incidental to his employment and is acting within the course of his employment.

"(c) Where the injury is proximately caused by the employment, either with or without negligence.

"(d) Where the injury is not caused by the intoxication of the injured employee.

"(e) Where the injury is not intentionally self-inflicted." (Italics added.)

Section 3601 of the Labor Code reads as follows: "Where the conditions of compensation exist, the right to recover such compensation, pursuant to the provisions of this division is, except as provided in section 3706, the exclusive remedy against the employer for the injury or death."

The situation so presented herein has been dealt with specifically in the compensation laws of various states by provisions that in the event of death or injury resulting from the deliberate intention of the employer to produce such death or injury, the employee or his survivor may, in addition to his remedy under the Workmen's Compensation Law, maintain an action at law against the employer for damages over the amount payable under the compensation system. (See Schneider's Workmen's Compensation Statutes, vol. 4, p. 3210, Ore. § 49-1828. In line with such statutory enactments the weight of authority is that "where an employer inflicts the intentional injury upon his employee, the injured person may sue at common law for damages or accept benefits under Workmen's Compensation Law. *DeCoigne* v. *Ludlum Steel Co.*, 251 App.Div. 662 [297 N.Y.S. 636]; *LePochat* v. *Pendleton*, 187 Misc. 296 [63 N.Y.S.2d 313]; *Boek* v. *Wong Hing*, 180 Minn. 470 [231 N.W. 233, 72 A.L.R. 108]; *Castleberry* v. *Front-Johnson Lumber Co.* (Tex.Com.App..), 283 S.W. 141;

*Stewart* v. *McLellan's Stores Co.*, 194 S.C. 50 [9 S.E.2d 35]; *Rumbolo* v. *Erb*, 20 A.2d 54 [19 N.J.Misc. 311].'' (*Mazarredo* v. *Levine*, 76 N.Y.S.2d 324, 325.)

The question so posed in this proceeding is one of first impression in this state. ■ However, the rule is well established that compensation will be granted for injuries due to assaults by fellow employees where the same are fairly traceable to an incident of the employment but compensation will be denied where they are the result of personal grievances unconnected with the employment. (*Globe Indemnity Co.* v. *Industrial Acc. Com.*, 2 Cal.2d 8 [37 P.2d 1039].) ■ Furthermore it has been held that the phrase arising ''out of the employment'' means at least that the injury ''occur by reason of a risk or condition incident to the employment.'' (*Pacific Employers Ins. Co.* v. *Industrial Acc. Com.*, 19 Cal.2d 622, 628 [122 P.2d 570, 141 A.L.R. 798].) ■ But that is not to say that an intentional assault by the employer is a risk or condition incident to the employment. To so hold would be not only to sanction indirectly conduct of the employer which is both tortious and criminal, but also would be to permit the employer to use the Workmen's Compensation Act to shield him from his larger civil liability, which liability would exist independent of the common law defenses to personal injury actions by employees which prevailed prior to the advent of the Workmen's Compensation Act.

■ For the reasons herein stated we conclude that the allegations in the complaint that an employment relationship existed is immaterial, since the further allegations that the plaintiff's injuries resulted from defendant employer's wilful attack upon plaintiff, allege an injury which is not a risk or condition of the employment, and hence one not arising out of the employment. It therefore follows that since the injury alleged was not compensable under the Workmen's Compensation Act, the demurrer based upon the purported exclusive jurisdiction of the Industrial Accident Commission should have been overruled.

The judgment is reversed.

Adams, P. J., and Van Dyke, J., concurred.