[Civ. No. 11283.   Third Dist.   July 7, 1966.]

ALICE L. AZEVEDO, Petitioner, v. INDUSTRIAL ACCI-
DENT COMMISSION, EMANUEL ABEL et al., Re-
spondents.

Eugene C. Treaster for Petitioner.

Everett Corten, Rupert A. Pedrin, Hanna & Brophy, F. Clinton Murphy, and Ronald F. Sypnicki for Respondents.

PIERCE, P. J.—Petitioner (Mrs. Azevedo) filed an application with respondent Industrial Accident Commission claiming work-induced injuries. After hearings, the commission, exercising jurisdiction to determine jurisdiction, made findings which included (1) a determination that Mrs. Azevedo's complaint involved "an intentional injury by . . . [her] employer" Emanuel Abel, and (2) that the commission lacked jurisdiction. On September 7, 1965, the commission made its ultimate order dismissing the proceedings for lack of jurisdiction.

We issued a writ of review to examine the question— the sole one among several presented which it is necessary to decide—does the commission have jurisdiction to award compensation for an injury intentionally inflicted by an employer upon an employee if the commission finds that the injury was incurred within the course of employment? We have determined that it does.

The incident out of which Mrs. Azevedo's claim arises occurred on May 6, 1964. On June 23, 1964, she filed her application with the commission. Subsequently she filed a

civil damage action in the Superior Court of Sacramento County against Abel, involving the same incident. That action is still pending. In assuming jurisdiction the commission acted properly. It was the tribunal first selected to determine facts upon which its jurisdiction depended. (*Taylor* v. *Superior Court*, 47 Cal.2d 148 [301 P.2d 866]; *Scott* v. *Industrial Acc. Com.*, 46 Cal.2d 76 [293 P.2d 18]; 45 Cal.L.Rev. 97.)

■ There are no conflicts in the record. Mrs. Azevedo was the sole witness who gave testimony regarding the nature of the incident. (Abel, present during the hearing and represented by counsel, did not testify.) From the testimony of Mrs. Azevedo it appears that she, the saleslady-manager of Abel's dress shop, had had a telephone conversation with a dissatisfied customer during Abel's absence. When she relayed the conversation to Abel upon his return, he became angry and struck her with his knee in her sacro-coccyx area.

It is unnecessary to state additional facts. Substantial evidence supported the commission's finding that Abel committed an intentional assault. Substantial evidence also shows that the anger which produced the assault arose while Mrs. Azevedo was at work and because of the manner in which she had performed her duties. It appears that injuries were substantial. Her doctor's bill at the end of 11 months was approximately $900. At the time of the hearings she was still under a doctor's care but was gainfully employed.

Argument of counsel indicates the commission based its determination that it lacked jurisdiction upon a statement of this court in 1951 in *Conway* v. *Globin*, 105 Cal.App.2d 495, where the court on page 498 [233 P.2d 612] declares that an intentional assault by an employer is not "a risk or condition incident to the employment," "hence one not arising out of the employment," and therefore "not compensable under the Workmen's Compensation Act."

The *Conway* decision makes a distinction between assaults committed by fellow employees and those committed by employers. As to the former it states (on p. 498): "[C]ompensation will be granted . . . where the . . . [assaults] are fairly traceable to an incident of the employment but compensation will be denied where they are the result of personal grievances unconnected with the employment. (*Globe Indemnity Co.* v. *Industrial Acc. Com.*, 2 Cal.2d 8 [37 P.2d 1039].)" (Since, under the facts of *Conway*, the assault was alleged to have been "while plaintiff was engaged in the performance of his duties" the *Conway* decision effectually states that an

intentional assault by an employer can never be "a risk or condition incident to the employment.") *Conway* also concedes on page 497 that this view disagrees with "the weight of authority [where the rule] is that 'where an employer inflicts the intentional injury upon his employee, the injured person may sue at common law for damages or accept benefits under Workmen's Compensation Law. [Citations.]' . . ."

Considering the portion of the *Conway* opinion which deems proceedings before the commission to be unavailable to employees assaulted by an employer as "clearly dictum," the District Court of Appeal, Second District, in *Carter* v. *Superior Court* (1956) 142 Cal.App.2d 350, holds (on p. 355 [298 P.2d 598]) that the employee suffering such an assault *does* have a right of relief in proceedings under the workmen's compensation provisions of the Labor Code "if he establishes that the injury occurred by reason of a risk or condition incident to the employment."[1]

We have reexamined the reasoning of this court in *Conway* and find it imperfect. The decision states (105 Cal.App.2d on p. 498) : "To . . . hold [that an intentional assault by the employer is a risk or condition incident to employment] would be not only to sanction indirectly conduct of the employer which is both tortious and criminal, but also would be to permit the employer to use the Workmen's Compensation Act to shield him from his larger civil liability, which liability would exist independent of the common law defenses to personal injury actions by employees which prevailed prior to the advent of the Workmen's Compensation Act."

The inference of the foregoing statement that the employer would find shelter anywhere in the workmen's compensation laws from criminal prosecution for a criminal assault is, of course, unfounded. (As to whether these laws preclude a common law action in torts we do not decide. (See fn. 1.)) Regarding the rest of the quoted statement, the provisions of the workmen's compensation laws are not entirely a "shield" to the employer : they are a sword to the injured employee—

---

[1]The *Carter* decision also states the employee has "a choice of remedies." Herein we limit our accord with the views expressed in the *Carter* decision to those relevant to the holding that work-connected assaults by employers upon employees are within the commission's jurisdiction. The questions of whether the commission's jurisdiction is exclusive or whether superior court jurisdiction is in addition or an alternative to jurisdiction of the commission present many problems. (See e.g., Lab. Code, § 3601, as amended in 1959; Stats. 1959, ch. 1189, p. 3275.) Petitioner attempts to raise these questions but they are not issues here and should be decided on a pertinent record.

immunizing him from most of the defenses available to a defendant in a common law action for a civil assault (see e.g., 5 Cal.Jur.2d, Assault and Battery, § 12 et seq., p. 232), also affording him penalty sanctions for serious and wilful misconduct (Lab. Code, § 4553), guarantying him (except as to the penalty provisions mentioned above) against his employer's insolvency by provision for compulsory insurance (Lab. Code, § 3700) (a benefit denied in a common law action since insurance against intentional torts is not only not compulsory but unlawful as against public policy) (Ins. Code, § 533; Civ. Code, § 1668; *Tomerlin* v. *Canadian Indemnity Co.,* 61 Cal.2d 638, 648 [39 Cal.Rptr. 731, 394 P.2d 571]). And probably most important of all to the employee, he receives prompt and comprehensive medical care (Lab. Code, § 4600).

▮ Moreover, as a matter of constitutional and legislative interpretation, we think the language of the California Constitution and the applicable Labor Code section compels the reversal of this court's position taken in *Conway* v. *Globin, supra,* 105 Cal.App.2d 495.

California Constitution, article XX, section 21, speaks of a ''complete system of workmen's compensation'' for injuries to workmen ''in the course of their employment, *irrespective of the fault of any party.*'' (Italics supplied.) Labor Code section 3600 refers to ''any injury sustained . . . arising out of and in the course of the employment . . .: (b) Where, at the time of the injury, the employee is performing service growing out of and incidental to his employment and is acting within the course of his employment. (c) Where the injury is proximately caused by the employment . . . .''

Nowhere is the word ''accident'' mentioned. ▮ As stated above, ''serious and wilful misconduct'' by an employer results in penalty provisions under Labor Code section 4553. That term, although more comprehensive than, certainly embraces an assault.

▮ As in any case involving the interpretation of the workmen's compensation laws we begin with the rule that these laws are to be liberally construed in the accomplishment of their beneficent purpose in aiding injured workmen. (Lab. Code, §3202, and see cases collected in West's and Deering's Annotated Codes and in 2 Witkin, Summary of Cal. Law (7th ed. 1960) p. 1653.)

In the provisions of the constitution we have quoted above a significant phrase is ''irrespective of the fault of any party.''

The question we decide in this proceeding has not come before the California Supreme Court. That court, however, has dealt several times with assaults by a fellow employee. In *State Comp. Ins. Fund* v. *Industrial Acc. Com. (Hull)*, 38 Cal.2d 659 [242 P.2d 311], it considered the right of an employee who was the aggressor in fisticuffs with a fellow employee. A divided court held that the commission had jurisdiction to award compensation, the amount of which, however, would be reduced by the applicant's serious and wilful misconduct. (Lab. Code, § 4551.) The majority opinion (per Justice Carter) stated (on p. 660) that the express language of the California Constitution and of the Labor Code compelled the conclusion that the commission had jurisdiction. The court emphasizes the provision in article XX, section 21, which we have emphasized, "irrespective of the fault of any party."

Other excerpts from the opinion are pertinent (on pp. 660-661) : "The only requirements of the statute are, that to be compensable, an injury must 'arise out of' and 'occur in the course of' the employment. (Lab. Code, § 3600.) That is to say the employee must be engaged in some activity growing out of and incidental to his employment at the time he suffers an injury in order to be entitled to compensation under the workmen's compensation law. It cannot be doubted that a dispute between an employee and his superior *in regard to the latter's treatment of the former in their relation as boss and worker is incidental to the employment."* (Italics added.) The decision stresses the fact that the Labor Code penalizes the *employee's* "serious and wilful misconduct" by cutting his compensation recovery in half. The decision states on page 670: "The contention is made that considerations of public policy require that recovery be denied in cases where the employee is injured while engaged in the violation of a penal statute, because, to allow recovery in such a case, would permit a person to benefit by his own wrong. That appears to be the real basis of many of the decisions denying recovery. The effect of such a holding is to deny recovery because of the fault of the employee contrary to the express provisions of the Constitution and statutes relating to workmen's compensation. The question of policy is for the people and the Legislature in the first instance and here they have spoken in no uncertain language, saying that fault, serious and wilful misconduct, and contributory negligence do not bar recovery."

Dictum contrary to the foregoing holding in *Globe Indemnity Co.* v. *Industrial Acc. Com.*, 2 Cal.2d 8 [37 P.2d 1039],

was expressly disapproved. (The latter case was one cited in the *Conway* decision.)

We cannot distinguish between the *Hull* decision and this one. Its holding is based upon the language of the Constitution and Labor Code and particularly upon the phrase "irrespective of the fault of *any* party." (Italics added.) That language applies equally to the employer who assaults an applicant employee as it does to the employee who strikes his employer. The *Hull* case is also based upon the fact that the Legislature has expressly placed jurisdiction in the commission in cases involving the "serious and wilful misconduct" of the *employee* and classifies an assault as falling within that term. Since the law also places jurisdiction in the commission when the "serious and wilful misconduct" of the *employer* is involved, the same reasoning must be applied in the instant case.

The two cases—the *Hull* and this one—are closely analogous. *Carter* v. *Superior Court, supra,* 142 Cal.App.2d 350, is directly in point. It is unnecessary to discuss cases in other jurisdictions which involve the interpretation of workmen's compensation laws worded differently than our own. Some of them are based upon statutory requirements that the injury be "accidental," a condition which we have seen is omitted in California's constitutional provision and statutes. An article by Schmidt and German, *Employer Misconduct as Affecting the Exclusiveness of Workmen's Compensation* (1956) 18 University of Pittsburgh Law Review, page 81 (at p. 90) states that courts in the several jurisdictions are divided on the question and mentions *Conway* v. *Globin, supra,* as being among "a few courts . . . [holding] that the situation is outside the scope of the Workmen's Compensation act."

The same authors (*op. cit.,* p. 87) mention as typical the test of the Minnesota Supreme Court to determine whether an act is one "arising out of" employment. It states "the test is whether the *employment is the predominant factor in peculiarly exposing the workman*—in a different manner and in a greater degree than if he had been pursuing his ordinary affairs—to a hazard which may or may not be peculiar to or exclusively associated with the employment." That test fits the acts of Abel and the facts of this case. Sound reason supports that test.

We hold that the intentional assault committed by an employer upon his employee under the circumstances here—being an act "fairly traceable to an incident of the employ-

ment" and not "the result of personal grievances unconnected with the employment" is within the jurisdiction of the commission where, as here, that jurisdiction is first sought and enlisted by the injured employee. Further than that we need not, and do not, go.

The order of the commission being reviewed is annulled and vacated. The commission will take such further proceedings as may be indicated not inconsistent with the views expressed herein.

Friedman, J., and Regan, J., concurred.