Opinion
 

 GARDNER, P. J.
 

 The question presented by this appeal is whether an employee’s civil action against his employer and fellow employees for
 
 *835
 
 intentional infliction of emotional distress is barred by the exclusive remedy provisions of the Workers’ Compensation Act (Lab. Code § 3200 et seq.). We hold that it is not.
 

 Plaintiff filed a complaint in the court below alleging that he is an investigator for the Orange County Department of Social Services and that defendants, his employer and fellow employees, treated plaintiff in a rude and degrading manner, placed him under surveillance, subjected him to lengthy interrogations, and discriminated against plaintiff because of his Mexican-American descent, “with the object and intent to force or cause plaintiff to suffer humiliation, mental anguish and emotional and physical distress, and to cause plaintiff to resign his position of employment or to be fired or dismissed therefrom.” Plaintiff requested compensatory and punitive damages for intentional and negligent infliction of emotional distress, damages for a violation of the California Fair Employment Practices Act, and an injunction.
 

 Defendants demurred to the complaint on several grounds, but the court sustained the demurrer on the single ground that the Workers’ Compensation Appeals Board had exclusive jurisdiction to provide a remedy for the wrongs alleged in the complaint. On plaintiff’s appeal from the ensuing judgment of dismissal, the only issue presented is whether the demurrer was properly sustained on that ground. Since a demurrer admits all well-pleaded allegations, plaintiff’s allegations are deemed true for purposes of this appeal.
 
 (Alcorn
 
 v.
 
 Anbro Engineering, Inc.,
 
 2 Cal.3d 493, 496 [86 Cal.Rptr. 88, 468 P.2d 216].)
 

 Labor Code section 3600 provides that where certain “conditions of compensation” occur an employer is liable for workers’ compensation for any injury sustained by an employee arising out of and in the course of the employment, and that this liability is “in lieu of any other liability whatsoever to any person. . . .” Labor Code section 3601 provides that the right to recover workers’ compensation benefits is “the exclusive remedy for injury or death of an employee against the employer or against any other employee of the employer acting within the scope of his employment. . . .” Labor Code section 5300 declares that proceedings to recover workers’ compensation shall be instituted before the Workers’ Compensation Appeals Board and not elsewhere.
 

 As background to the discussion which follows, we will review cases which have discussed an employee’s remedies for intentional physical assaults by an employer.
 

 
 *836
 
 The first California case to deal with this issue was
 
 Conway
 
 v.
 
 Globin,
 
 105 Cal.App.2d 495 [233 P.2d 612]. There an employee appealed from a judgment of dismissal following the sustaining of a demurrer on the ground that the employee’s action was subject to the exclusive jurisdiction of the Industrial Accident Commission, predecessor of the Workers’ Compensation Appeals Board. The complaint sought compensatory and punitive damages for a wilful and unprovoked attack on plaintiff by his employer, during which two of plaintiff’s teeth were broken. The Third District Court of Appeal concluded that an employee intentionally assaulted by his employer could maintain a civil action for damages because such an intentional assault was not a “risk or condition incident to employment.” To hold otherwise, the court observed, “would be not only to sanction indirectly conduct of the employer which is both tortious and criminal, but also would be to permit the employer to use the Workmen’s Compensation Act to shield him from his larger civil liability, which liability would exist independent of the common law defenses to personal injury actions by employees which prevailed prior to the advent of the Workmen’s Compensation Act.”
 
 (Conway
 
 v.
 
 Globin, supra,
 
 105 Cal.App.2d 495, 498.)
 

 Fifteen years later, in
 
 Azevedo
 
 v.
 
 Industrial Accident Commission,
 
 243 Cal.App.2d 370 [52 Cal.Rptr. 283] (hereafter
 
 Azevedo 1),
 
 the Third District Court of Appeal overruled its decision in
 
 Conway.
 
 In
 
 Azevedo I
 
 an employee who had been assaulted by her employer commenced both a workers’ compensation proceeding and a civil action against the employer. The Industrial Accident Commission dismissed the employee’s application, relying on
 
 Conway.
 
 The court in
 
 Azevedo I
 
 concluded that the Industrial Accident Commission did have jurisdiction to award compensation to an employee for injuries intentionally inflicted by an employer which were fairly traceable to an incident of employment and not attributable to a personal grievance.
 
 (Azevedo
 
 v.
 
 Industrial Accident Commission, supra,
 
 243 Cal.App.2d 370, 376-377.)
 

 The court noted that the workers’ compensation laws were to be liberally construed to extend their benefits to injured employees, that the Constitution in article XX, section 21, speaks of a “complete system” of compensation “irrespective of the fault of any party,” and that there are penalty provisions in Labor Code section 4553 for “serious and wilful misconduct” by an employer. Having determined that the Industrial Accident Commission did have jurisdiction of the employee’s application for benefits, the court left open the question whether the commission’s jurisdiction was exclusive.
 

 
 *837
 
 The question left open in
 
 Azevedo I
 
 was decided in
 
 Azevedo
 
 v.
 
 Abel,
 
 264 Cal.App.2d 451 [70 Cal.Rptr. 710] (hereafter
 
 Azevedo II).
 
 After the decision in
 
 Azevedo I,
 
 the petitioner, Mrs. Azevedo, was awarded temporary and permanent disability benefits, medical expenses, and further medical treatment. Her employer moved to dismiss the civil action pending against him on the ground that the commission’s jurisdiction was exclusive. The motion was granted and the employee appealed. On the appeal, the employee contended that for an employer’s intentional torts there existed “. . . a concurrent pair of liabilities and concurrent jurisdiction on the part of the two tribunals in this limited class of cases, the ultimate damage award to be diminished by the compensation award.”
 
 (Azevedo
 
 v.
 
 Abel, supra,
 
 264 Cal.App.2d 451, 458.) The court rejected the contention, stating that Labor Code section 3600 clearly provided that the compensation remedy was exclusive. “A damage suit as an alternative or additional source of compensation, becomes permissible only by carving a judicial exception in an uncarved statute.”
 
 (Id.,
 
 at p. 459.) The court also noted that the exclusive remedy provision was a reasonable policy choice made by the Legislature: “The policy choice is to provide employees economic insurance against disability in exchange for the speculative possibility of general damages; to offer the augmented award for serious and willful misconduct in trade for the relatively rare award of punitive damage.”
 
 (Id.,
 
 at pp. 459-460, fn. omitted.)
 
 [1]
 

 The most recent case to consider this issue in depth is the First District Court of Appeal’s decision in
 
 Magliulo
 
 v.
 
 Superior Court,
 
 47 Cal.App.3d 760 [121 Cal.Rptr. 621]. There the court concluded that an employee intentionally injured by an employer had the cumulative or at least alternative remedies of a civil suit for damages or an application for workers’ compensation benefits.
 

 The court began its analysis by noting the recent Supreme Court decision in
 
 Mathews
 
 v.
 
 Workmen’s Compensation Appeals Board,
 
 6 Cal.3d 719 [100 Cal.Rptr. 301, 493 P.2d 1165], which held that the constitutional provision establishing a system of compensation “ ‘ irrespective of the fault of any party’. . . was intended only to give the Legislature power to grant benefits unhampered by common law tort concepts of negligence; it
 
 *838
 
 has never been construed as prohibiting the Legislature from increasing, decreasing or even eliminating awards based upon the
 
 wilful wrongdoing
 
 of a party.” (6 Cal.3d at p. 728.)
 
 (Magliulo
 
 v.
 
 Superior Court, supra,
 
 47 Cal.App.3d 760, 768.) The court concluded: “It may therefore be proper to say that the provisions of section 3601 . . . should be read in the light of section 3600 which refers to ‘without regard to negligence,’ and that in the absence of a controlling statute the courts are free to determine whether the employer loses his immunity from civil suit in the event he personally intentionally inflicts an injury on the person of his employee.”
 
 (Id.,
 
 at p. 769.)
 

 The court further observed that Labor Code section 3601 permits an employee injured by the physical aggression of a fellow employee to pursue concurrent remedies. The court stated: “If the employee can recover both compensation and damages caused by an intentional assault by a fellow worker, he should have no less right because the fellow worker happens to be his boss.”
 
 (Magliulo
 
 v.
 
 Superior Court, supra, 47
 
 Cal.App.3d 760, 773.)
 

 Finally, with regard to the penalty provisions of Labor Code section 4553, the court declared that the phrase “serious and wilful misconduct” had been construed as embracing a degree of fault greater than ordinary negligence but less than intentional wrongdoing. In view of this fact, and also because the penalty was only for compensation and did not constitute exemplary damages, the court concluded there were no grounds for supposing that the Legislature intended section 4553 to be a complete substitute for damages recoverable in a civil action for intentional tort.
 
 [2]
 

 The issue on this appeal, as we view it, is the narrow one of an employee’s remedies for intentional infliction of emotional distress. We do not address the broader question, discussed in the two
 
 Azevedo
 
 decisions and
 
 Magliulo,
 
 of an employee’s remedies for intentional injuries as such.
 

 The
 
 Conway, Azevedo
 
 and
 
 Magliulo
 
 cases all involved physical aggression—assaults and batteries. Although at least three appellate decisions have permitted an employee to maintain a civil action for
 
 *839
 
 emotional distress intentionally inflicted by an employer and fellow employees, the issue of workers’ compensation as an exclusive remedy was apparently not raised in any of them.
 
 (Alcorn
 
 v.
 
 Anbro Engineering, Inc., supra,
 
 2 Cal.3d 493;
 
 Agarwal
 
 v.
 
 Johnson,
 
 81 Cal.App.3d 513 [146 Cal.Rptr. 521];
 
 Toney
 
 v.
 
 State,
 
 54 Cal.App.3d 779 [126 Cal.Rptr. 869].) The exclusive remedy issue as applied to the tort of intentional infliction of emotional distress, therefore, would appear to be one of first impression.
 
 [3]
 

 In a law review note criticizing the holding in
 
 Azevedo II
 
 that workers’ compensation is the exclusive remedy for an employee intentionally injured by an employer, the author made the following comment, which is of relevance to the issue before us: “[T]here is a situation in which the denial of the right to sue in tort could work a hardship upon an employee. It is well settled that, to be compensable, an injury must be disabling. But what if the employer commits a work-related intentional tort that is not disabling? The workman cannot collect workmen’s compensation benefits and because that is his exclusive remedy, he cannot maintain a tort action. Thus, if an employer slanders an employee, does not batter him seriously enough to cause a disabling injury, or defames him in front of his co-workers, then that employee—given that the tort is work-connected—has no remedy.” (Note,
 
 Azevedo
 
 v.
 
 Abel: Denial of Employee’s Right to Sue His Employer For an Intentional Tort
 
 (1970) 21 Hastings L.J. 683, 695-696.
 

 Defendants maintain that damages for emotional distress are recoverable in a workers’ compensation proceeding, and therefore workers’ compensation should be the exclusive remedy. An examination of the cases relied upon by defendants, however, reveals that they do not stand for the cited proposition. We are aware of no decisional or statutory authority for the proposition that mental suffering,
 
 as such,
 
 is a compensable injury. The cases cited by defendants allow compensation for physical injuries, such as a disabling heart condition, caused by the mental and emotional strains of employment (e.g.,
 
 Baker
 
 v.
 
 Workmen’s Comp. Appeals Bd.,
 
 18 Cal.App.3d 852 [96 Cal.Rptr. 279]), or disabling
 
 *840
 
 mental illness caused by job pressures (e.g.,
 
 Burnight
 
 v.
 
 Industrial Accident Commission,
 
 181 Cal.App.2d 816 [5 Cal.Rptr. 786]).
 

 In a civil action for intentional infliction of emotional distress, recovery may be given for mental suffering alone, without consequent physical injuries, in cases involving extreme and outrageous intentional invasions of one’s mental and emotional tranquility.
 
 (Alcorn
 
 v.
 
 Anbro Engineering, Inc., supra,
 
 2 Cal.3d 493, 498;
 
 State Rubbish Collectors etc. Assn.
 
 v.
 
 Siliznoff,
 
 38 Cal.2d 330, 337-338 [240 P.2d 282].) In the case at bench, plaintiff has not alleged that the mental distress caused any accompanying physical or mental illness, or that it resulted in any employment disability. Plaintiff apparently has suffered damages which would be recoverable in a civil action but which are not compensable in a workers’ compensation proceeding. (See 2 Witkin, Summary of Cal. Law (8th ed. 1973) Workmen’s Compensation, § 159, p. 985.)
 

 The existence of a noncompensable injury does not, by itself, abrogate the exclusive remedy provisions of the Workers’ Compensation Act. In
 
 Williams
 
 v.
 
 State Compensation Ins. Fund,
 
 50 Cal.App.3d 116 [123 Cal.Rptr. 812], an employee who suffered injury to his genital organs, groin and thighs while operating a spraying machine in the course of his employment brought a civil action against his employer which was dismissed on the ground that workers’ compensation was the employee’s exclusive remedy. On appeal, the employee argued that the action should be permitted because loss of sexual functioning could not be compensated in a workers’ compensation proceeding. The court replied: “Plaintiff is correct in arguing that the statutory emphasis on occupational disability as a rating factor denigrates the compensability of nonoccupational handicaps. Decisions in other states hold that the workers’ compensation law provides the exclusive remedy for industrial injury even though the resulting disability—for example, sexual impotence—is noncompensable. (See cases cited, 2 Larson, Workmen’s Compensation Law, § 65.20.) No California decision in point has been cited. The theory underlying the out-of-state decisions is that the workers’ compensation plan imposes reciprocal concessions upon employer and employee alike, withdrawing from each certain rights and defenses available at common law; the employer assumes liability without fault, receiving relief from some elements of damage available at common law; the employee gains relatively unconditional protection for impairment of his earning capacity, surrendering his common law right to elements of damage unrelated to earning capacity; the work-connected injury engenders a single remedy against the employer, exclusively cognizable by the compensation agency
 
 *841
 
 and not divisible into separate elements of damage available from separate tribunals; a failure of the compensation law to include some element of damage recoverable at common law is a legislative and not a judicial problem. [Citations.]”
 
 (Williams
 
 v.
 
 State Compensation Ins. Fund, supra,
 
 50 Cal.App.3d 116, 122.)
 

 The case at bench is distinguishable from
 
 Williams
 
 in two respects. We have here not an isolated instance of a physical injury which is noncompensable, but an entire class of civil wrongs outside the contemplation of the workers’ compensation system. (See generally, Larson,
 
 Nonphysical Torts and Workmen’s Compensation
 
 (1975) 12 Cal.Western L. Rev. 1.) Moreover, this class of civil wrongs involves intentional injury. Intentional wrongdoing in an employment setting has provided many difficult issues for resolution by the courts of this state, as illustrated by the
 
 Conway-Azevedo-Magliulo
 
 line of cases discussed above. (See also,
 
 Unruh
 
 v.
 
 Truck Insurance Exchange, supra,
 
 7 Cal.3d 616, 629-630;
 
 Mathews
 
 v.
 
 Workmen’s Compensation Appeals Board, supra,
 
 6 Cal.3d 719.) The resulting decisions have evidenced continuing concern that the essentially “no-fault” workers’ compensation system would not provide a sufficient deterrent to intentional wrongdoing. In
 
 Azevedo II,
 
 the court noted with satisfaction that the penalty provided by Labor Code section 4553 for an employer’s serious and wilful misconduct was not subject to insurance coverage but must be paid from the employer’s own pocket.
 
 (Azevedo
 
 v.
 
 Abel, supra,
 
 264 Cal.App.2d 451, 456-458.) However, the penalty takes the form of a 50 percent surcharge. Where there is no compensable injury, 50 percent of nothing is still nothing, and Labor Code section 4553 cannot function as a deterrent.
 

 While it is possible to believe that the Legislature intended that employees lose their right to compensation for certain forms of negligently or accidentally inflicted physical injuries in exchange for a system of workers’ compensation featuring liability without fault, compulsory insurance, and prompt medical care, it is much more difficult to believe that the Legislature intended the employee to surrender all right to any form of compensation for mental suffering caused by extreme and outrageous misconduct by an employer. It would indeed be ironic if the Workers’ Compensation Act, created to benefit employees, were to be interpreted to shield the employer from all liability for such conduct.
 
 [4]
 
 We decline to interpret it in this fashion.
 

 
 *842
 
 We conclude that an employee’s cause of action for intentional infliction of emotional distress constitutes an implied exception to the exclusive remedy provisions of Labor Code section 3601. We note that our conclusion is in accord with that of a distinguished commentator, who states: “If the essence of the tort, in law, is non-physical, and if the injuries are of the usual non-physical sort, with physical injuries being at most added to the list of injuries as a makeweight, the suit should not be barred. But if the essence of the action is recoveiy for physical injury or death, the action should be barred even if it can be cast in the form of a normally non-physical tort.” (2A Larson, Workmen’s Compensation Law § 68.34, pp. 13-31, 13-32.)
 

 The judgment is reversed with directions to vacate the order sustaining the demurrer and enter a new order overruling the demurrer.
 

 Tamura, J., and McDaniel, J., concurred.
 

 [1]
 

 Although our Supreme Court has never addressed the issue of whether workers’ compensation benefits are the exclusive remedy for injuries intentionally inflicted by an employer, it cited
 
 Azevedo II
 
 with approval in
 
 Unruh
 
 v.
 
 Truck Insurance Exchange, 1
 
 Cal.3d 616, 629-630 [102 Cal.Rptr. 815, 498 P.2d 1063], and again in
 
 Busick
 
 v.
 
 Workmen’s Compensation Appeals Board,
 
 7 Cal.3d 967, 976, footnote 11 [104 Cal.Rptr. 42, 500 P.2d 1386].
 

 [2]
 

 In
 
 Douglas
 
 v.
 
 E. & J. Gallo Winery, 69
 
 Cal.App.3d 103, 112 [137 Cal.Rptr. 797], the Fifth District Court of Appeal cited
 
 Magliulo
 
 with approval for the proposition that an employee has cumulative or at least alternative remedies at law or under workers’ compensation for intentional torts. (See also,
 
 Carter
 
 v.
 
 Superior Court,
 
 142 Cal.App.2d 350 [298 P.2d 598].)
 

 [3]
 

 The exclusive remedy issue as applied to the tort of
 
 negligent
 
 infliction of emotional distress was resolved in
 
 Williams
 
 v.
 
 Schwartz,
 
 61 Cal.App.3d 628 [131 Cal.Rptr. 200]. There the plaintiff" witnessed the death of her husband who, while acting within the scope of his employment, was standing on a bridge when it collapsed. The court held that the wife’s exclusive remedy was by a workers’ compensation proceeding.
 

 For a sister state decision holding an exclusive remedy provision inapplicable to an employee’s action for false imprisonment, see
 
 Moore
 
 v.
 
 Federal Department Stores, Inc.
 
 (1971) 33 Mich.App. 556 [190 N.W.2d 262].
 

 [4]
 

 In another context, our Supreme Court has stated: “[Plaintiff’s status as an employee should entitle him to a greater degree of protection from insult and outrage than if he were a stranger to defendants.”
 
 (Alcorn
 
 v.
 
 Anbro Engineering, Inc., supra,
 
 2 Cal.3d 493, 498, fn. 2.)