[Civ. No. 57410. Second Dist., Div. Two. Jan. 22, 1981.]

LEROY EVERFIELD, Plaintiff and Appellant, v.
STATE COMPENSATION INSURANCE FUND,
Defendant and Respondent.

---

COUNSEL

Michael S. Fields for Plaintiff and Appellant.

James J. Vonk, Richard Krimen, George Bjornsen, Errol L. Searle and Paul Klein for Defendant and Respondent.

---

OPINION

**BEACH, J.—**

### NATURE OF APPEAL:

Appeal from judgment of dismissal after demurrer sustained without leave to amend.

### ISSUE:

The issue simply stated is: Do the facts pleaded in plaintiff's complaint establish any reason to warrant a departure from the basic general rule that matters relative to claims for workers' compensation, their payment and enforcement, are within the exclusive jurisdiction of the Workers' Compensation Act and ordinarily do not give rise to a cause of action at law?

### OUR DECISION:

We hold they do not and we affirm.

### FACTUAL BACKGROUND:

Pursuant to the Workers' Compensation Act, plaintiff (appellant), an injured worker, made application before the Workers' Compensation

Appeals Board and received workers disability benefits from his employer through its insurance carrier State Compensation Insurance Fund (respondent). Appellant subsequently brought action in superior court against respondent alleging two causes of action entitled "Count 1" and "Count 2." In the first "count," appellant alleged consistent delay in payments of compensation; arbitrary reduction in the periodic amount paid; and intentional disregard of a subpoena duces tecum, all on the part of respondent resulting in physical and emotional suffering to appellant. In the second "count," appellant repeats the allegations and adds that all of the acts by respondent were done intentionally, deceitfully, fraudulently and in bad faith with intent to injure plaintiff. He sought $20 million in damages.

DISCUSSION:

For injury in the course of employment, Labor Code section 3600[1] provides for the liability of an employer to an employee in lieu of any other liability whatsoever. Section 3601 expressly states that the right to recover under section 3600 is "the exclusive remedy" for injury of an employee against the employer. Within the general framework and application of the worker's compensation laws, the employer's insurance carrier stands in the same shoes as the employer. (§ 3850, subd. (b).) Notwithstanding the explicit statutory language, the California Supreme Court in *Unruh* v. *Truck Insurance Exchange* (1972) 7 Cal.3d 616 [102 Cal.Rptr. 815, 498 P.2d 1063], created an exception to the exclusive jurisdiction established by statute. ■ The court there held that where an employer's insurance carrier intentionally commits outrageous and extreme conduct totally unnecessary to and far beyond the bounds of normal investigation and defense of a worker's claim, such conduct removes the carrier from the protective insulation of sections 3600 and 3601 which limit the injured worker to the remedies provided under the Workers' Compensation Act and bar actions at law.

However, comparison between the *Unruh* case and the matter at bench discloses the total failure of the pleadings at bench to state a cause of action and the total inapplicability of *Unruh* to the facts pleaded at bench. The holding in *Unruh* is based upon the specific conduct and the outrageous and extreme perfidious nature clearly described by the pleadings in *Unruh*. There the complaint alleged that investigators for the carrier had deceived plaintiff and for the purpose of obtaining

---

[1]All references to sections followed by a number are references to the Labor Code.

motion pictures had caused her to conduct herself in a manner beyond her normal physical capacities. One investigator had further misrepresented his capacity and intentions and intentionally caused plaintiff to become emotionally interested in him. He had invited her on an outing to Disneyland where he caused her to cross a rope bridge and a barrel bridge while he shook the bridge in order that a second investigator could film the events. Upon learning of this deception plaintiff alleged that she suffered a mental breakdown.

By contrast at bench, plaintiff has described three things: delay, the change in the amounts paid and disobedience to the subpoena duces tecum issued by the Workers' Compensation Appeals Board. These three acts in themselves are not fraudulent, deceitful, outrageous, perfidious or so extreme or abnormal as to fit in the class of misconduct considered in *Unruh*. In the first count only the disobedience to the subpoena is alleged to be intentional. The second count adds nothing to the complaint. It contains only the ancient and sham procedure of asserting the conclusion that the acts are "fraudulent, deceitful and intentional." The addition of these words does not describe the conduct but simply asserts the subjective characterization of them by plaintiff-appellant.

If every case in which there is a delay, a change of amount, or a disobedience to a subpoena could be brought into a court of law by an unhappy worker by merely alleging that the acts were intentional, deceptive, outrageous and fraudulent without alleging the specific conduct and how it was carried out, it would make shambles of the workers' compensation system now quickly and efficiently handled for the benefit of the injured workers by the Workers' Compensation Appeals Board.

The reasons for the delay, whether intentional or negligent, whether excusable or not, can be well inquired into by the board and where necessary discipline imposed. The same is true of reasons for changing amounts of periodic payments. They may be justified. They may be unjustified. The change may be the result of errors in computation or good faith disagreements. In the case at bench, for example, the change was found to be justified and respondent given credit for the overpayment. Similarly, the Workers' Compensation Appeals Board is empowered by statute to enforce obedience to its processes (§ 132).

There is no quarrel with appellant's statement of the general proposition of law that "[i]n a civil action for intentional infliction of emotional

distress, recovery may be given for mental suffering ... in cases involving extreme and outrageous intentional invasions of one's mental and emotional tranquility." (*Renteria* v. *County of Orange* (1978) 82 Cal. App.3d 833 [147 Cal.Rptr. 447]; *Unruh* v. *Truck Insurance Exchange, supra,* 7 Cal.3d 616.) However, at bench appellant's complaint does no more than allege a nonperformance of a statutory duty to provide temporary disability benefits under the Labor Code (§§ 4650 and 4651.) Such a complaint which does not contain factual allegations identifying the particular acts or circumstances which distinguish the tort of outrageous conduct from an ordinary nonperformance of a statutory duty owed by respondent to appellant is insufficient. (*Trunk* v. *Orr* (1979) 94 Cal.App.3d 761 [156 Cal.Rptr. 662].)

There are good reasons for leaving the matter of worker's compensation payments in the exclusive control of the Worker's Compensation Appeals Board, including the matters raised here by appellant. No exhaustive cataloging or extensive discussion of these reasons is here necessary. It is enough to recognize that the present system of the worker's compensation law provides a quick, simple and readily accessible method of claiming and receiving compensation. It eliminates the need for an action under common law. It thus avoids: the proof and defenses incident thereto, the intolerable delay in resolution of a lawsuit, economic waste to all and expense to the worker. (See 2 Witkin, Summary of Cal. Law (8th ed. 1973) Workmen's Compensation, § 1, pp. 851-852 and cases and authorities cited therein.)

This same issue was considered by the court in *Noe* v. *Travelers Ins. Co.* (1959) 172 Cal.App.2d 731 [342 P.2d 976]. There the problem was the delay in the furnishing of medical services. At bench the delay is in payment of compensation. The difference is inconsequential and what was there said is applicable to the matter at bench: "... beyond the legalistic objection to appellant's position, we must point out that if delay in medical service attributable to a carrier could give rise to independent third party court actions, the system of workmen's compensation could be subjected to a process of partial disintegration. In the practical operation of the plan, minor delays in getting medical service, such as for a few days or even a few hours, caused by a carrier, could become the basis of independent suits, and these could be many and manifold indeed. The uniform and exclusive application of the law would become honeycombed with independent and conflicting rulings of the courts. The objective of the Legislature and whole pattern of workmen's com-

pensation could thereby be partially nullified." (*Noe* v. *Travelers Ins. Co., supra*, 172 Cal.App.2d 731, 737.)

Appellant contends that even if his present complaint was subject to demurrer, he should have been given the opportunity to amend his complaint to allege a cause of action by specifically describing the particular acts of intentional, outrageous and perfidious conduct. However, nothing in the record supports the claim repeated at oral argument that plaintiff should be given an opportunity to so amend his complaint. The gravamen of the cause of action is simply the delay in payment and the change of amount paid. It follows that based upon what we have explained, the exclusive jurisdiction over such matters correctly reposes in the Worker's Compensation Appeals Board and irrespective of what suspected evil motives plaintiff wishes to ascribe to such delay, he simply cannot allege a cause of action based upon the delay and the change in the amount of payment.

The order (of dismissal) is affirmed.

Fleming, Acting P. J., and Compton, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 2, 1981. Bird, C. J., was of the opinion that the petition should be granted.