[No. H002327. Sixth Dist. Mar. 12, 1987.]

CONTINENTAL CASUALTY COMPANY, Petitioner, v.
THE SUPERIOR COURT OF MONTEREY COUNTY, Respondent;
DANIEL MORALES, Real Party in Interest.

COUNSEL

David O. Larson, Carol C. Sleeth and Moore, Clifford, Wolfe, Larson & Trutner for Petitioner.

No appearance for Respondent.

Peder W. Eriksson for Real Party in Interest.

## OPINION

**BRAUER, J.**—Continental Casualty Company (Continental), the workers' compensation carrier here, seeks a writ of mandate to compel the trial court to sustain its demurrer to the complaint of real party/plaintiff Morales, an injured employee, who sues Continental for (1) negligent failure to make sure the employer preserved a defective ladder as evidence in Morales' third party product liability lawsuit and (2) negligent failure to notify Morales of the facts giving rise to third party liability in time for him to have acted to preserve the evidence.

We agree with Continental that the exclusivity provisions of workers' compensation (Lab. Code, §§ 3600, 3602) bar this negligence action against the carrier for contributing to loss of evidence in the product liability suit against a third party. Accordingly the writ shall issue.

### FACTS

Morales, a television antenna installer, fell and was injured on the job on November 17, 1983, when the bottom rung of a ladder he was attempting to climb on collapsed because the ladder was allegedly defective. In his complaint against Continental, Morales claims Continental, in investigating the accident, asked the employer and its successor to preserve the ladder as evidence. However, they did not do so and in fact took it to a garbage dump. No one advised Morales of the unavailability of the ladder until May 14, 1985.

Morales alleges two theories of liability against Continental: (1) its failure to timely notify him of the defect in the ladder and to take proper steps to preserve it breached the implied covenant of good faith; (2) this conduct constituted negligent spoliation of evidence. Damage resulted to the potential recovery in the third-party product liability lawsuit, as well as emotional distress damage.

Continental demurred, based on the exclusivity provisions of Labor Code sections 3600, 3601, 3850, 5300 and 5814, as well as lack of standing to sue for breach of the implied covenant because Morales is not a party to the contract between the employer and Continental.

The trial court ruled the exclusivity doctrine did not apply because Morales sued Continental not in its capacity as the compensation carrier, but rather as the party who negligently spoiled the evidence. The judge reasoned that Morales's allegations were outside the workers' compensation system, as is the specifically authorized third-party lawsuit. (Lab. Code § 3850, 3852.)

## DISCUSSION

A number of recent cases have wrestled with the issue here, concerning the metes and bounds of the workers' compensation exclusivity doctrine. The Legislature has attempted to codify the judicial exceptions, in Labor Code section 3602, subdivision (b): willful physical assault by employer; aggravation of injury by fraudulent concealment of the existence and employment connection of the injury; and injury due to defective product manufactured by employer for use other than solely in employment context. However, no "bright line" has yet emerged clearly defining what is workers' compensation and what is beyond the employment relationship.

█ Labor Code sections 3850, 3852 authorize independent actions against persons other than the employer who are liable for the damages resulting from the injury. However, the carrier is not a person other than the employer, but rather stands in the employer's shoes, and may invoke the exclusivity defense, where the injury is plainly industrial and compensable within the system. (See Lab. Code § 3850, subd. (b); *Everfield* v. *State Comp. Ins. Fund* (1981) 115 Cal.App.3d 15, 18 [171 Cal.Rptr. 164]; *Droz* v. *Pacific National Ins. Co.* (1982) 138 Cal.App.3d 181, 183 [188 Cal.Rptr. 10]; *Cervantes* v. *Great American Ins. Co.* (1983) 140 Cal.App.3d 763, 767 [189 Cal.Rptr. 761].) Accordingly, the mere fact the carrier is a separate entity from the employer does not authorize an independent action against it. However, the basis of the trial court ruling is that the legislature has authorized independent third-party actions; the basis of this particular action is defective product liability; and the carrier's alleged liability turns not on its role as the employer's surrogate, for purposes of the industrial injury, but rather on its separate and subsequent role as one who negligently prepared or prosecuted the third-party lawsuit so as to impede the plaintiff's recovery of damages. Because the third-party action is separate from the action for the industrial injury, the trial court viewed the negligent handling of that lawsuit as likewise separate and not compensable within the system.

Continental, however, cites numerous authorities which hold the carrier is not separately liable for delay in payment of compensation benefits or other conduct related to the processing of the compensation claim. (The authorities on this point are legion, unanimous, and summarized, e.g., in *Caplan* v. *Fireman's Fund Ins. Co.* (1985) 175 Cal.App. 3d 146, 148 [220

Cal.Rptr. 149]; *Soto* v. *Royal Globe Ins. Corp.* (1986) 184 Cal.App.3d 420, 429-431 [229 Cal.Rptr. 192]; *Cervantes* v. *Great American Ins. Co., supra,* 140 Cal.App.3d 763.) These cases rest, inter alia, on the theory the compensation system in Labor Code section 5814 provides a specific remedy for bad faith handling of the benefits claim.

Here, we must decide whether the alleged mishandling of the third-party lawsuit is part and parcel of the processing of the compensation claim. Does the mishandling of a third-party action arising out of an industrial injury constitute a separate and independently compensable event, or is it so closely related to the industrial injury claim that the injury should not be independently compensable?

The decision in *Johns-Manville Products Corp.* v. *Superior Court* (1980) 27 Cal.3d 465, 474-475 [165 Cal.Rptr. 858, 612 P.2d 948, 9A.L.R.4th 758], considers what factors are relevant in deciding if a claim goes beyond work-related concerns. Among the factors to be considered are whether the injury is legitimately within the risks of employment; whether a separate action is necessary to adequately deter the harm; whether the alleged conduct is sufficiently socially objectionable to justify an independent recovery; whether the injury is so intimately tied to work-related conditions that permitting independent recovery will undermine the purpose of exclusivity, to protect the speedy operation of the compensation system and its historic trade-off of large damages for swift protection without regard to fault. The decision points out that many, though not all, the judicial exceptions to exclusivity require intentional conduct. (E.g., *Magliulo* v. *Superior Court* (1975) 47 Cal.App. 3d 760, 779 [121 Cal.Rptr. 621] [assault by employer]; *Ramey* v. *General Petroleum Corp.* (1959) 173 Cal.App. 2d 386, 402 [343 P.2d 787] [fraud by employer, not a normal risk of employment]; *Renteria* v. *County of Orange* (1978) 82 Cal.App. 3d 833, 841-842 [147 Cal.Rptr. 447] [intentional infliction of emotional distress, specifically noted by court that emotional distress without physical injury is not compensable in workers' compensation]; *Unruh* v. *Truck Insurance Exchange* (1972) 7 Cal.3d 616, 630 [102 Cal.Rptr. 815, 498 P.2d 1063] [intentional and outrageous conduct by carrier in investigating claim].)

Another exception to exclusivity was the dual capacity doctrine of such decisions as *Duprey* v. *Shane* (1952) 39 Cal.2d 781, 793 [249 P.2d 8], involving malpractice in addition to the injury. That doctrine has been partly repudiated by Labor Code section 3602, subdivision (a), which provides that dual capacity alone shall not permit an independent action. Here, Continental says the trial court has improperly applied that doctrine; but actually, the trial court has not technically applied the doctrine of employer in a dual role, but instead has said the carrier here will not be identified with the employer for purposes of the third-party suit, because its role·is not that of

a compensation carrier processing benefits but rather of a plaintiff bringing a third-party action in its own name—a suit which employee has the right to join—and that action is separately, legislatively authorized.

The California Supreme Court has just shed further light on these issues with the recent decision in *Cole* v. *Fair Oaks Fire Protection Dist.* (1987) 43 Cal.3d 148 [233 Cal.Rptr. 308, 729 P.2d 743]. *Cole* holds that when the employee's claim is based on conduct normally occurring in the workplace, it is within the exclusive jurisdiction of the Workers' Compensation Appeals Board. The claim was for intentional infliction of emotional distress resulting in both physical and mental injury. *Cole* thus limits *Renteria,* and progeny, to cases where only noncompensable, nonphysical injury occurred. (*Id.* at pp. 156-157.)

*Cole* also analyzes the various "dual capacity" decisions (*Bell* v. *Industrial Vangas, Inc.* (1981) 30 Cal.3d 268 [179 Cal.Rptr. 30, 637 P.2d 266]; *D'Angona* v. *County of Los Angeles* (1980) 27 Cal.3d 661 [166 Cal.Rptr. 177, 613 P.2d 238]; *Unruh* v. *Truck Insurance Exchange, supra,* 7 Cal.3d 616; *Duprey* v. *Shane, supra,* 39 Cal.2d 781.) The *Cole* case affirms this rationale as an exception to exclusivity provided the conduct giving rise to the cause of action is an act not ordinarily part of the employment, not normally occurring within the course and scope of employment. (43 Cal.3d at pp. 161-162.)

■ This decision highlights and emphasizes factors appearing in earlier precedent: lack of relationship to normal employment; and lack of remedy in the workers' compensation system for the injury. The presence of these factors justifies compensation outside the system. Their absence argues for exclusivity.

■ Because the processing of a third-party claim is a fairly normal, routine incident for the compensation carrier in any industrial injury situation where a third party is partly responsible, the transaction is work related, and part and parcel, in an extended sense, of the processing of the benefits claim. In that sense the activity is within the compensation system. Further, we are not dealing with intentional, outrageous, socially objectionable conduct, but only negligence. Finally, the damages sought are mainly for the employee's physical injuries.

Morales cites one case, from a New York trial court, permitting an independent action for bad faith liability against the carrier for abuse of subrogation rights. (*Faraino* v. *Centennial Ins. Co.* (1982) 117 Misc.2d 297 [458 N.Y.S.2d 444].) That decision has been reversed. (*Faraino* v. *Centennial Ins. Co.* (1984) 103 App.Div.2d 790 [477 N.Y.S.2d 664].)

We conclude the trend of recent decisions, such as *Cole* v. *Fair Oaks Fire Protection Dist., supra,* and *Johns-Manville, supra,* is to narrow the range of exceptions to exclusivity, an approach also reflected in the legislative intent behind Labor Code section 3602, subdivision (a) (abridging dual capacity doctrine) and section 3602, subdivision (b) (restrictively stating judicial exceptions to exclusivity, implying no others exist). Curtailing the exceptions to exclusivity benefits both employers and employees within the system, by keeping down the costs of compensation insurance and preserving the low cost, efficiency and certainty of recovery which characterizes workers' compensation.

In accordance with that trend, we conclude that Morales's allegations against Continental seeking damages for spoliation of evidence in the third-party lawsuit fall within the ambit of work-related concerns. The bulk of Morales's damages are work-related physical injuries; the carrier has not been accused of intentional or outrageous behavior; the processing of the third-party action is a normal part of the handling of the compensation claim; therefore no independent action against the carrier is justified. It follows the trial court should have sustained Continental's demurrer to the complaint.[1]

The parties have been notified that a peremptory writ in the first instance could be issued here, and the real party in interest has responded to the petition. No further proceedings are necessary, and a peremptory writ of mandate shall issue. (*Palma* v. *U. S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 178-180 [203 Cal.Rptr. 626, 681 P.2d 893].)

Let a peremptory writ of mandate issue to the superior court of Monterey County directing it to vacate its order overruling the demurrer of petitioner, Continental, and instead to sustain the demurrer without leave to amend or to enter a judgment of dismissal.

Agliano, P. J., and Capaccioli, J., concurred.

The petition of real party in interest for review by the Supreme Court was denied June 3, 1987.

---

[1]The parties make no real argument regarding Morales's cause of action for breach of the implied covenant of good faith. Clearly on these allegations, where no intentional bad faith is charged, that cause of action is but a variant of the claim of negligent spoliation of evidence, resting on the same facts of alleged negligent mishandling in the lawsuit. Therefore that cause of action is likewise barred by workers' compensation exclusivity.