*730
 
 Opinion
 

 TIMLIN, J.
 

 I
 

 Introduction
 

 Petitioner Coca-Cola Bottling Company of Los Angeles (Coca-Cola), one of the defendants in case No. BCV 3431, James E. Jones et al. v. County of San Bernardino et al., has petitioned us for a writ of mandate directing the superior court to vacate its order denying Coca-Cola’s motion for summary judgment and awarding sanctions against Coca-Cola and in favor of real parties in interest James E. Jones and Janet Jones, who are plaintiffs below. We find no merit to the petition and will deny it.
 

 II
 

 Facts
 
 [1]
 
 and Procedural Background
 

 James E. Jones (Jones) was employed by Coca-Cola and worked at its facility in Barstow as a repair mechanic. In 1985, he was seriously injured while operating, in the course and scope of his employment, a nearly new Ford pickup truck on a road within the County of San Bernardino. The pickup truck allegedly suddenly went out of control and rolled over, and Jones was ejected and suffered severe brain injuries. In 1986, Jones and his wife, Janet Jones, filed a complaint against the County of San Bernardino for premises liability and negligence, and against the Ford Motor Company for negligence and product liability, and asked for damages for loss of consortium on behalf of Janet Jones.
 

 According to Jay Vesterby, the manager of the Coca-Cola plant in Bar-stow, the Ford pickup truck was preserved and maintained by Coca-Cola from the time of the accident. About two months after the accident, it was moved to the Coca-Cola facility in Los Angeles for safekeeping. In July 1985, an expert retained by Coca-Cola took a set of photographs of the truck which showed the seat belts were then still in place.
 

 
 *731
 
 In 1989, James P. Carr associated as one of the Joneses’ attorneys in this proceeding. Carr made arrangements to inspect the Ford pickup, which he was told was being held in a secure storage area at Coca-Cola’s Los Angeles plant. After reviewing “the investigation and discovery” results existing at that time, Carr and an automotive consultant he intended to take with him to view the truck were particularly interested in examining the truck’s power steering, seat belts, door latches, and brake lights.
 

 In mid-September of 1989, Carr and the consultant went to the Los Angeles facility to inspect the truck. When it was removed from the storage bin where it was kept, they discovered that many important components were missing. These included, but were not limited to, the power steering pump, the outboard seat belts and all components thereof, the door latches and the brake lights. The Coca-Cola employees who helped get the truck out of storage denied any knowledge of the disappearance of these components. One of the employees stated that “Ford” had been there previously to inspect the vehicle.
 

 Carr promptly propounded interrogatories and requests to produce to all parties to find out what had happened to the missing truck components. Counsel for Coca-Cola responded that it had no knowledge of any parts or pieces being removed by anyone, nor any record of having authorized anyone to do so. Coca-Cola later advised Carr that one of its experts did have one piece of the truck, specifically the passenger’s side door latch. The other parties replied under oath, denying that they had removed any pieces or parts of the truck.
 

 In February 1990, the Joneses made a motion seeking leave to file a first amended complaint in which they had added a cause of action against Coca-Cola for spoliation of evidence, which cause of action alleged that Coca-Cola was “at least negligent, careless, and reckless” in allowing the missing truck components to “disappear” (subject cause of action).
 

 The Joneses’ motion was apparently granted, and in May 1990, Coca-Cola answered the subject cause of action against it with a general denial and also asserted nine affirmative defenses, including laches based on the Joneses’ delay in inspecting the truck and the applicability of the exclusivity provisions of Labor Code sections 3600, 3601, 3602, subdivisions (a) and (b), and 5300 (hereinafter exclusivity provisions).
 

 The Joneses then filed a motion to specially set the matter for a mandatory settlement conference and for trial. Coca-Cola opposed this motion and also, in August, made its own motion for judgment on the pleadings as to the subject cause of action against it, on the ground that the Joneses’ cause of
 
 *732
 
 action for spoliation was barred by the exclusivity provisions. In support of its motion, it cited
 
 Continental Casualty Co.
 
 v.
 
 Superior Court
 
 (1987) 190 Cal.App.3d 156 [235 Cal.Rptr. 260].
 

 The Joneses opposed the motion for judgment on the pleadings on the grounds that the alleged facts of their case were distinguishable from those in the
 
 Continental Casualty Co.
 
 case, and that under the facts “as pled herein, [Coca-Cola] should be equitably estopped from asserting the exclusive remedy provisions of the Labor Code as explained herein below.”
 
 [2]
 

 Coca-Cola’s motion for judgment on the pleadings was denied in a minute order mailed to the parties on September 11, and the Joneses’ motion to specially set was granted.
 

 On November 5, 1990, Coca-Cola moved for summary judgment against the Joneses on the sole ground that, as a matter of law, they could not state a cause of action for spoliation against it, as James Jones’s employer, because such an action is barred by the exclusivity provisions. Coca-Cola again cited the case of
 
 Continental Casualty Co.
 
 for this proposition.
 

 The separate statement of undisputed facts in support of Coca-Cola’s motion set forth the following undisputed facts supported by the noted citations to supporting evidence:
 

 “1. Plaintiff alleges injury and damage under theory of spoliation against Coca-Cola Bottling Company of Los Angeles, [second amended complaint][
 
 3
 
 ]
 

 “2. Plaintiff, Jones, states that he was an employee of Coca-Cola Bottling Company of Los Angeles at the time of his injury, [second amended complaint]
 

 “3. Defendant was pursuing its Labor Code rights, [complaint in intervention and notice of lien]”
 

 The motion was also accompanied by a declaration by Coca-Cola’s attorney, in which he set out (1) a “factual sequence” involving Coca-Cola’s investigation of its possible third party claim, including the examination of the pickup in 1985 by Transamerica Engineering, Inc., and the preparation of
 
 *733
 
 a report by Transamerica concerning its investigation (which report is attached to the motion as exhibit “A,” but with no authenticating statement by Coca-Cola’s attorney that the attached exhibit is a true and correct copy of that report), (2) Coca-Cola’s communications with the Joneses’ first attorney concerning the case, and (3) specifically a notice of inspection of the truck by the County of San Bernardino (an inspection which neither the Joneses nor their attorneys attended). The declaration states that the “foregoing history of inactivity, inattention, and omission is an improper foundation upon which to base an estoppel argument on behalf of plaintiffs. This lack of due diligence is sufficient to support an argument, if needed, that plaintiffs should be estopped from making any argument concerning their inability to proceed on their product liability claims.”
 

 This motion was opposed by both the Joneses and Ford Motor Company. The Joneses filed a separate response to Coca-Cola’s separate statement of undisputed facts, which basically did not dispute the facts noted, but pointed out, as to facts 1 and 3, that they were not really facts but were instead simply “a correct characterization of the Fifth Cause of Action” or “a procedural reality.”
 

 The Joneses then went on to distinguish the facts and procedural posture of the
 
 Continental Casualty Co.
 
 case from the facts of their case, in that
 
 Continental
 
 involved the failure of a workers’ compensation insurance carrier to notify the injured worker that the ladder he had been using might be defective and to preserve that evidence, whereas here both Coca-Cola, the employer, and Jones, the employee,
 
 knew
 
 that there were potential causes of action against Ford for product defect, negligence and breaches of warranty, and Coca-Cola had actually undertaken the responsibility of preserving as evidence the purported defective product, namely, the truck and all its components. ITiey also argued that in any event there was a triable issue of fact as to whether Coca-Cola should be equitably estopped from asserting the exclusivity provisions because the Joneses had relied, to their detriment, on Coca-Cola’s representations that it had preserved the evidence.
 

 The County of San Bernardino filed a notice of joinder in the Joneses’ opposition.
 

 Ford, as noted above, also opposed the motion for summary judgment, contending that the exclusivity provisions did not bar the Joneses’ action because (1) the duty to preserve evidence related to third party claims was not a normal part of the employer/employee relationship, (2) ordinarily an employer has no duty to preserve evidence, and (3) under the facts of this case, the duty to preserve the evidence arose out of Coca-Cola’s voluntary assumption of responsibility combined with the fact that it was on notice that
 
 *734
 
 the Joneses and Ford and the County of San Bernardino (County) needed the truck and its component parts to prosecute and/or defend each party’s case. In support of this opposition, Ford attached the declaration of its attorney in which he stated that (1) in 1987 he notified Coca-Cola that Ford wished to inspect the truck, and asked that no destructive testing, repair, or plan to destroy the vehicle be undertaken without notice to Ford, (2) Ford was never so notified, and (3) the loss of the missing components had prejudiced Ford’s defense.
 

 Coca-Cola replied to the other parties’ oppositions claiming that the critical question, according to
 
 Continental Casualty Co.,
 
 is whether the damages for spoliation of evidence in a third party lawsuit fall within the ambit of work-related concerns, i.e., whether the processing of a third party action is a normal part of the handling of the compensation claim. It then asserted, without citation to supporting evidence, that Coca-Cola was “first dollar self-insured” and had insured and handled the Joneses’ compensation claim, and therefore, implicitly, the spoliation of the evidence fell within the ambit of work-related concerns, and was thus subject to the exclusivity provisions.
 
 [4]
 

 The Joneses also asked for sanctions in their opposition to the motion for summary judgment, contending that the motion was nothing but a repetition of Coca-Cola’s earlier motion for judgment on the pleadings because it did not ask the court to consider facts beyond the face of the first amended complaint in determining whether a triable issue of fact exists. They noted that although Coca-Cola “may claim that the information set forth in [the declaration of Coca-Cola’s attorney] should somehow turn this motion attacking the pleading into a true motion for summary judgment^ . . .] those facts are of absolutely no relevance or significance. They have nothing whatsoever to do with the statement of facts upon which the motion for summary judgment is based, and are not even mentioned in the Separate Statement.”
 

 
 *735
 
 III
 

 Discussion
 

 A.
 
 Introduction
 

 When a defendant moves for summary judgment, the evidence and declarations in support of its motion must either (1) prove an affirmative defense that would bar every cause of action in the plaintiff’s complaint
 
 (DeRosa
 
 v.
 
 Transamerica Title Ins. Co.
 
 (1989) 213 Cal.App.3d 1390, 1395 [262 Cal.Rptr. 370]) or “conclusively negate a necessary element of the plaintiff’s case and demonstrate, under any cause of action, no material factual issue requires resolution by trial. [Citation.]”
 
 (Ibid.)
 

 In this case, Coca-Cola based its motion for summary judgment on the affirmative defense that the action against it was barred by the exclusivity provisions.
 
 [5]
 
 The Joneses’, Ford’s, and County’s oppositions were all premised on the concept that by voluntarily undertaking to preserve the Ford pickup truck as evidence for third party actions by plaintiff and Coca-Cola, Coca-Cola was acting outside its normal role of employer, because an employer is under no duty to preserve evidence related to its employees’ claims against third party tortfeasors. Consequently, Coca-Cola was estopped to assert the exclusivity provisions. In one sense, then, although none of the opposing parties referred to this doctrine specifically in their opposition documents, they were impliedly asserting that the dual capacity doctrine exception to the exclusivity provisions was applicable under the facts of this case.
 

 B.
 
 Coca-Cola Failed to Plead and Establish as Undisputed Facts the Conditions of Compensation Which Are Necessary to Support an Affirmative Defense to the Fifth Cause of Action Based on the Exclusivity Provisions
 

 “It has long been established in this jurisdiction that, generally speaking, a defendant in a civil action who claims to be one of that class of persons protected from an action at law by the provisions of the Workers’
 
 *736
 
 Compensation Act bears the burden of pleading and proving, as an affirmative defense to the action, the existence of the conditions of compensation set forth in the statute which are necessary to its application. [Citations.] ‘The employee is pursuing a common law remedy which existed before the enactment of the statute and which continues to exist in cases not covered by the statute. It is incumbent upon the employer to prove that the Workmen’s Compensation Act is a bar to the employee’s ordinary remedy.’
 
 (Popejoy
 
 v.
 
 Hannon
 
 [1951] 37 Cal.2d 159, 173-174 [231 P.2d 484].)”
 
 (Doney
 
 v.
 
 Tambouratgis
 
 (1979) 23 Cal.3d 91, 96-97 [151 Cal.Rptr. 347, 587 P.2d 1160], fn. omitted.)
 

 The conditions of compensation are set forth in Labor Code section 3600, which provides, in relevant part, that:
 

 “(a) Liability for the compensation provided by this division, in lieu of any other liability whatsoever to any person except as otherwise specifically provided in Sections 3602, 3706, and 4558, shall, without regard to negligence, exist against an employer for any injury sustained by his or her employees arising out of and in the course of the employment and for the death of any employee if the injury proximately causes death, in those cases where the following conditions of compensation concur:
 

 “(1) Where, at the time of the injury, both the employer and the employee are subject to the compensation provisions of this division.
 

 “(2) Where, at the time of the injury, the employee is performing service growing out of and incidental to his or her employment and is acting within the course of his or her employment.
 

 “(3) Where the injury is proximately caused by the employment, either with or without negligence.”
 

 “Injury,” as that term is used in Labor Code section 3600, is defined as “any injury or disease arising out of the employment, including injuries to artificié members, dentures, hearing aids, eyeglasses and medical braces of all types; . . .” (Lab. Code, § 3208.) An injury may be either “specific,” i.e., “occurring as the result of one incident or exposure which causes disability or need for medical treatment; . . .” (Lab. Code, § 3208, subd. (a)) or “cumulative,” i.e., “occurring as repetitive mentally or physically traumatic activities extending over a period of time, the combined effect of which causes any disability or need for medical treatment.” (Lab. Code, § 3208.1, subd. (b).)
 

 In other words, a compensable injury is one which causes disability or need for medical treatments.
 

 
 *737
 
 Here, Coca-Cola’s seventh affirmative defense generally alleged only that “plaintiffs are barred from bringing this litigation against defendant in that defendant is the employer of plaintiff, James E. Jones, and as such the provisions of California Labor Code Sections 3600, 3601, 3602(a), 3602(b) and 5300 provide the exclusive remedy as against an employer, for all injuries arising out of an industrial accident.”
 

 It is clear, when one reads the conditions of compensation set forth in Labor Code section 3600, that the mere fact that a defendant in a tort action is also the plaintiff’s employer is not sufficient to raise the exclusivity provisions of the act as an affirmative defense. The defendant employer must also plead facts showing that the complaint alleged a compensable injury to plaintiff and (1) the injury complained of in the action at law occurred at a time when both the plaintiff employee and the defendant employer were subject to the pertinent provisions of the Labor Code (Lab. Code, § 3600, subd.(a)(l)); (2) at the time of the injury, the employee was performing service growing out of and incidental to his or her employment and was acting within the course of his or her employment; and (3) the injury was proximately caused by the employment, either with or without negligence.
 

 The only exception to this requirement would be if the complaint affirmatively alleged facts indicating workers’ compensation coverage. Then, unless the complaint alleged additional facts which would indicate that there is no coverage, the defendant employer could demur (or make a motion for judgment on the pleadings).
 
 (Doney
 
 v.
 
 Tambouratgis, supra,
 
 23 Cal.3d 91, 97.) Here, the fifth cause of action of the Joneses’ first amended complaint does not allege facts showing that the above noted conditions of compensation existed at the time a compensable injury occurred to James. It does not allege a compensable injury suffered by the Joneses, i.e., an injury which caused either of them disability or necessitated medical treatment, but rather it asserts tortious conduct by Coca-Cola
 
 after
 
 the April 29, 1985, accident which caused compensable injuries to James Jones. The “at least” negligent action or nonaction by Coca-Cola is alleged to have happened after Coca-Cola undertook to preserve the evidence and when the evidence disappeared. The damages, as alleged in the cause of action for spoliation of evidence, do not involve any compensable injury to plaintiffs but concern damages in the nature of irreparable disruption of the Joneses’ third party action against Ford for strict liability, negligence, and breach of warranties.
 
 [6]
 

 
 *738
 
 Because Coca-Cola’s answer did not contain allegations sufficient to raise coverage under the pertinent Labor Code provisions as a defense to the Joneses’ action against it, it would have been improper to grant summary judgment based on such a defense, regardless of the undisputed facts which Coca-Cola might have submitted in connection with that motion.
 
 (Dorado
 
 v.
 
 Knudsen Corp.
 
 (1980) 103 Cal.App.3d 605, 611 [163 Cal.Rptr. 477].) Furthermore, Coca-Cola’s motion was based on the same misconception of the facts needed to establish coverage by the Workers’ Compensation Act (Act), as was its seventh affirmative defense. The three undisputed material facts posited by Coca-Cola did not include any facts concerning the conditions of compensation. For these reasons alone, the trial court quite correctly denied the motion.
 

 In its petition for rehearing, Coca-Cola contends that our interpretation of what is a “compensable injury” under the Act “insures that employers will be subject to tort liability whenever a negligent spoliation claim is made.” This contention, to the extent it is an entreaty by Coca-Cola to us to change the outcome of this case by ignoring the existence of the applicable statutes as construed by the Supreme Court, would be better addressed to the Legislature than to us. Our holding, that to invoke the exclusive remedy provisions of the Act an employer must plead and prove that the claim involves a compensable injury, i.e., one which (1) occurs at a time when both the employer and employee are subject to the compensation provisions of the Act, (2) occurs at a time when the employee is performing service growing out of and incidental to his or her employment and the employee is acting within the course of his or her employment, and (3) is proximately caused by the employment, is a holding based on the clear language of Labor Code section 3600 and
 
 Doney
 
 v.
 
 Tambouratgis, supra,
 
 23 Cal.3d at pages 96-97.
 

 Coca-Cola also implies in its petition for rehearing that our earlier analysis is based on a conclusion that
 
 “physical
 
 injury or disability” is a prerequisite to the invocation of the exclusive remedy provisions of the Act, i.e., that an employer may not rely on such provisions unless the worker’s claim
 
 *739
 
 is based on a physical injury or disability. We do not so hold or suggest. We simply point out that the term “injury,” as that term is used in Labor Code section 3600, is defined as being one which causes disability or the need for medical treatments (Lab. Code, §§ 3208, 3208.1),
 
 not
 
 that it is one which is
 
 physical.
 
 The significance of the definition of a compensable injury as being one which causes disability or the need for medical treatment is that the injury is to the worker’s
 
 person,
 
 as opposed to his
 
 property.
 
 (See Code Civ. Proc., § 27: “An injury is of two kinds: [¶] 1. To the person; and, [¶] 2. To property”; Code Civ. Proc., § 28: “An injury to property consists in depriving its owner of the benefit of it, which is done by taking, withholding, deteriorating, or destroying it”; and Code Civ. Proc., § 29: “Every other injury is an injury to the person.”)
 

 As a further basis for obscuring the actual analytical approach we use to deal with the issues raised by this case, Coca-Cola, after first erroneously contending that our analysis is based on the existence of a
 
 physical
 
 injury, relies in its petition for rehearing on a number of cases involving attempts by workers to sue employers and former employers for infliction of emotional distress without accompanying physical injury in so-called “wrongful termination” or “employee harassment” cases. These cases are simply not applicable here, because our reasoning does not turn on that particular distinction. Nonetheless, in the interests of making it quite clear what that analysis is, we shall address the cases relied upon by Coca-Cola in support of its contention that it was entitled to summary judgment below.
 

 It has been held in some cases that an employee’s work-related psychological injury, whether accompanied by manifestations of physical injury or not, is also compensable under the Act, and not properly the subject of a civil action, because the termination of employment, as well as on-the-job stress and even harassment, are considered normal parts of the employment relationship.
 
 (Cole
 
 v.
 
 Fair Oaks Fire Protection Dist.
 
 (1987) 43 Cal.3d 148, 159-160 [233 Cal.Rptr. 308, 729 P.2d 743];
 
 Horn
 
 v.
 
 Bradco Internat., Ltd.
 
 (1991) 232 Cal.App.3d 653 [283 Cal.Rptr. 721].)
 

 Coca-Cola relies on
 
 Cole, Horn, Robomatic, Inc.
 
 v.
 
 Vetco Off Shore
 
 (1990) 225 Cal.App.3d 270, 274 [275 Cal.Rptr. 70],
 
 Semore
 
 v.
 
 Pool
 
 (1990) 217 Cal.App.3d 1087, 1104 [266 Cal.Rptr. 280], and
 
 Hart
 
 v.
 
 National Mortgage & Land Co.
 
 (1987) 189 Cal.App.3d 1420, 1428-1430 [235 Cal.Rptr. 68] (all cases in which it was held that a former employee’s action for infliction of emotional distress resulting from termination of the employment relationship
 
 (Horn, Robomatic,
 
 Semore) or from a course of harassment at work
 
 (Hart,
 
 Cole) was barred by the exclusive remedy provisions of the Act) for the proposition that the Joneses’ cause of action for negligent spoliation of evidence should be similarly barred.
 

 
 *740
 
 These cases overruled or criticized earlier cases which had held that the exclusive remedy provisions of the Act did not apply to bar civil actions by an employee against an employer based on the infliction of emotional distress when the injured employee had allegedly suffered only emotional, not physical, injury. (See discussion at p. 1428 and fns. 4, 5, and 6 of
 
 Hart
 
 v.
 
 National Mortgage & Land Co., supra,
 
 189 Cal.App.3d 1420.) These earlier holdings created an anomalous result in which more egregious employer conduct, which caused
 
 physical
 
 injury,
 
 was
 
 covered by the Act, while supposedly
 
 less
 
 reprehensible conduct, which caused emotional distress, was
 
 not. (Id.
 
 at p. 1429.)
 

 The courts in
 
 Cole
 
 v.
 
 Fair Oaks Fire Protection Dist.
 
 and the other cases relied upon by Coca-Cola finally decided that “the time ... has come to cast aside the arbitrary and sometimes irrationally applied ‘physical versus emotional harm’ approach in favor of another factor more logically connected to the workers’ compensation or suit-at-law choice. That factor is whether the acts complained of were a ‘normal part of the employment relationship’ [citation], or, whether the acts were incidents of the employment relationship. [Citations.]”
 
 (Hart
 
 v.
 
 National Mortgage & Land Co., supra,
 
 189 Cal.App.3d 1420, 1429, quoting
 
 Cole
 
 v.
 
 Fair Oaks Fire Protection Dist., supra,
 
 43 Cal.3d at p. 160.)
 

 The analysis used in
 
 Cole, Hart, Semore,
 
 and
 
 Robomatic, Inc.
 
 was influenced by the unarticulated but clearly implicit presumption that the injury complained of by the employee in each case was an injury to the employee’s
 
 person,
 
 not his or her
 
 property.
 
 It was only after these courts had made this preliminary assumption as to the nature of the fundamental interest which had been injured that the next issue was addressed, that issue being whether “injury,” as that term is used in the Act, was intended to apply only to those injuries accompanied by a
 
 physical
 
 manifestation of injury. It was only in connection with addressing this
 
 second
 
 issue that the courts resorted to the test of whether the injury was caused by “misconduct attributed to the employer . . . which [is] a normal part of the employment relationship, such as demotions, promotions, criticism of work practices, and frictions in negotiations as to grievances, . . .”
 
 (Cole
 
 v.
 
 Fair Oaks Fire Protection Dist., supra,
 
 43 Cal.3d 148, 160) to determine whether the injury of emotional distress, though unaccompanied by physical symptoms, should be included among the injuries covered by the exclusive remedy provisions of the Act.
 

 It is obvious why the holdings in
 
 Cole, Hart, Semore,
 
 and
 
 Robomatic, Inc.
 
 are of no avail to Coca-Cola. As reiterated above, it has failed to plead and establish as an undisputed fact or as a matter of law that the injury which forms the basis of the Joneses’ cause of action for negligent spoliation is the
 
 *741
 
 type of injury which brings into play the exclusive remedy provisions of the Act. The injury alleged was the disappearance of the evidence which the Joneses allegedly needed to prove their third party, civil action against Ford and/or County. This is not an injury (physical, emotional or both) to the
 
 person
 
 of Jones, the injured employee. It is an injury to the Joneses’
 
 property
 
 interests, i.e., an interference with a valuable, probable expectancy of prevailing in their third party actions, particularly against Ford. It is an interference with the prospective economic advantage they allegedly stand to obtain if they can prove their civil action against either Ford or County. (See, e.g.,
 
 Jablonski
 
 v.
 
 Royal Globe Ins. Co.
 
 (1988) 204 Cal.App.3d 379, 392-395 [251 Cal.Rptr. 160] [holding that an employee’s civil action for intentional spoliation of evidence was not barred by the exclusive remedy provisions of the Act];
 
 Velasco
 
 v.
 
 Commercial Bldg. Maintenance Co.
 
 (1985) 169 Cal.App.3d 874, 876-877 [215 Cal.Rptr. 504];
 
 Smith
 
 v.
 
 Superior Court
 
 (1984) 151 Cal.App.3d 491, 502 [198 Cal.Rptr. 829].)
 
 [7]
 

 This necessity that the injury, to be subject to the exclusive remedy provisions of the Act, must be an injury to the
 
 person,
 
 was noted with approval in the recent case of
 
 Shoemaker
 
 v.
 
 Myers
 
 (1990) 52 Cal.3d 1 [276 Cal.Rptr. 303, 801 P.2d 1054]. After discussing how “this court and the Courts of Appeal have struggled with the problem of defining the scope of [the] exclusive remedy provisions,”
 
 (id.
 
 at p. 15), the California Supreme Court pointed out that in
 
 Cole
 
 v.
 
 Fair Oaks Fire Protection Dist.
 
 it had “identified a number of instances in which the exclusive remedy provisions are not applicable. First, the fundamental basis of workers’ compensation is an injury sustained in and arising out of the course of employment when the injury is ‘personal physical injury or death.’
 
 (Cole
 
 v.
 
 Fair Oaks Fire Protection Dist., supra,
 
 43 Cal.3d 148, 160.) Conversely, the exclusive remedy provisions apply
 
 only
 
 in cases of such industrial personal injury or death. (See, e.g.,
 
 Howland
 
 v.
 
 Balma, supra,
 
 143 Cal.App.3d 899 . . . [workers’ compensation not exclusive remedy for defamation];
 
 Ramey
 
 v.
 
 General Petroleum Corp.
 
 (1959) 173 Cal.App.2d 386, 402 [343 P.2d 787] [workers’ compensation does not bar cause of action for fraudulent deprivation of claim against a third party].)” (52 Cal.3d at p. 16, italics in original.)
 

 Howland
 
 v.
 
 Balma, supra,
 
 143 Cal.App.3d 899, one of the cases cited with approval by the California Supreme Court in
 
 Shoemaker,
 
 is particularly
 
 *742
 
 instructive on the point we seek to drive home, to wit, that the Act was intended to cover injuries to the employee’s
 
 person,
 
 not to his or her property rights. In that case, the plaintiff employee sued his supervisor for slander based upon statements made by the supervisor to a newspaper reporter regarding the plaintiff’s performance at work. Before filing his complaint, he had filed for, and received, workers’ compensation for injuries “Internal & Psyche.”
 
 (Id.
 
 at p. 901, fn. 4.) The defendant successfully moved for summary judgment on the ground that the action for slander was barred by the exclusive remedy provisions. On appeal, the reviewing court noted that although there was a “ ‘conceptual problem inherent in the employee’s [complaint] including physical and mental injury as elements of damage in the defamation claim[,]’” nonetheless, it would be “‘incongruous, and outside the obvious intent of the exclusiveness clause,’ ” “ ‘to block the main thrust of this action because of the peripheral items of damages, when a compensation claim could not purport to give relief for the main wrong of injury to reputation, . . .’ [Citations.]”
 
 (Id.
 
 at p. 903, quoting
 
 Foley
 
 v.
 
 Polaroid Corp.
 
 (1980) 381 Mass. 545 [413 N.E.2d 711, 715].) The court emphasized that the Act was intended to provide the exclusive remedy for
 
 “personal
 
 injuries,” and that the Act “relates to medical and/or occupational injuries, i.e., those risks to which the fact of employment in the industry exposes the employee. [Citation.]”
 
 (Id.
 
 at p. 904, italics added; see also
 
 Pichon
 
 v.
 
 Pacific Gas & Electric Co., supra,
 
 212 Cal.App.3d 488, 499-501.)
 

 In
 
 Pichon
 
 v.
 
 Pacific Gas & Electric Co., supra,
 
 212 Cal.App.3d 488, the plaintiff employee sued his former employer, pleading several causes of action, including breach of an express contract of employment terminable only for cause, and infliction of emotional distress. He filed a workers’ compensation claim for physical and emotional injuries, which claim was compromised and released. The employer successfully moved for summary adjudication of the employee’s claims for damages for emotional distress, based on workers’ compensation being the exclusive remedy for compensation regarding psychic injury. At trial, the trial court granted the employer’s “motion
 
 in limine”
 
 to dismiss the employee’s remaining wrongful termination claims for contract damages because the employee’s exclusive remedy was under the Act.
 

 On appeal, the reviewing court reversed as to the causes of action for economic damages. Although the exclusive remedy provisions of the Act barred the employee’s claims for noneconomic damages for psychic injuries, the employee’s claims for economic or contract damages were not so barred. Responding to the employer’s argument that if the employee suffered
 
 any
 
 compensable injury, then
 
 all
 
 his related causes of action were barred, the reviewing court noted:
 

 
 *743
 
 “Were we to accept [the employer’s] position, anytime an employee suffered a compensable injury as a result of the termination of his or her employment, no matter how temporary or partial, the employee would, for example, be precluded from recovering contract damages caused by the termination, despite the fact that the workers’ compensation system would compensate the employee only for medical costs and lost wages caused by the disability. (See 2 Larson, Workmen’s Compensation Law (1987) §§57.10, 57.11; Lab. Code, §§4451, 4460.) Such a result would be a windfall to employers in cases where the contract damages far exceed the compensation liability for an injury caused by termination.
 
 The exclusivity provisions only preclude an employee from bringing a civil action on account of an ‘injury ’ arising within the course and scope of employment.
 
 (Lab. Code, § 3600.)
 
 Economic or contract damages incurred independent of any disability cannot logically be included in the concept of ‘injury’ in the sense of ‘personal injury or death.’
 
 ” (212 Cal.App.3d at pp. 500-501, italics added.)
 

 In
 
 Pichon,
 
 the employee’s compensable injury (injury to his psyche) and noncompensable injury (breach of his employment contract) arose from the same general set of facts, i.e., the termination of his employment. The same set of facts established the invasion of separate and distinct rights—the right to be free of the intentional or negligent infliction of emotional distress to one’s person, and the right to retain the economic benefits of a valid contract.
 

 Here, the Joneses’ compensable injury (injury to Jones’s person and to his wife’s marital relationship with him) and noncompensable injury (the loss of the evidence necessary to prove the Joneses’ third party action) did not even arise from the same general set of facts. The compensable injury occurred when the vehicle Jones was testing overturned. The noncompensable injury occurred at least several years later, when various parts from that vehicle disappeared. Furthermore, the two separate fact situations here—the accident and the loss of evidence—establish the invasion of separate and distinct rights: the right to be free from bodily injury, and the right to be free from tortious interference with prospective economic advantage.
 

 Having reemphasized that this case does not turn on the
 
 substantive
 
 distinctions made in the cases relied upon by Coca-Cola, we now turn to the
 
 procedural
 
 problem presented by the underlying motion for summary judgment.
 

 We have already noted that Coca-Cola’s preliminary problem in connection with its petition for a writ of mandate to compel the superior court to enter judgment for it on its motion for summary judgment has been that it failed to establish as uncontroverted the facts necessary to show the
 
 *744
 
 existence of the conditions of compensation, which conditions would in turn support the invocation of the exclusive remedy provisions of the Act as a bar to tiie Joneses’ civil action. Both at oral argument and in its petition for rehearing, Coca-Cola has ignored the existence of this procedural hurdle, preferring instead to argue the merits of the underlying legal issue of whether an employee can
 
 ever
 
 bring a cause of action for negligent spoliation against his or her employer respecting the employee’s third party civil causes of action, and using as a basis therefor the fact that it is apparent from the Joneses’ own pleadings, as well as Coca-Cola’s complaint in intervention, that the Joneses’ action is absolutely barred by the exclusive remedy provisions.
 

 In other words, Coca-Cola would have us treat its motion for summary judgment as a motion for judgment on the pleadings.
 
 [8]
 
 This sort of request is not without precedent, given that “ ‘a motion by a
 
 defendant
 
 under section 437c of the Code of Civil Procedure necessarily includes a test of the sufficiency of the complaint.... Motions for summary judgment in such situations have otherwise been allowed as being in legal effect motions for judgment on the pleadings.’ ”
 
 (Robinson
 
 v.
 
 Hewlett-Packard Corp.
 
 (1986) 183 Cal.App.3d 1108, 1131 [228 Cal.Rptr. 591], quoting C.
 
 L. Smith Co.
 
 v.
 
 Roger Ducharme, Inc.
 
 (1977) 65 Cal.App.3d 735, 745 [135 Cal.Rptr. 483], italics in original.) Accordingly, to give this matter some finality as to this court and the trial court, we hereby honor Coca-Cola’s implicit request. We now hold, as a matter of law, that Coca-Cola is not entitled to judgment on the pleadings, because a cause of action by an employee against his or her employer for the negligent spoliation of evidence needed by the employee in his or her civil action against third parties is
 
 not
 
 barred as a matter of law by the exclusive remedy provisions of the Act, even though the missing evidence was also related to the employee’s personal injuries, insofar as such evidence may establish the cause of the occurrence resulting in the injuries and the extent of such injuries, which injuries
 
 were
 
 covered by the exclusive remedy provisions.
 

 C.
 
 The Dual Capacity Doctrine, Raised by the Joneses in Opposition to Coca-Cola’s Motion for Summary Judgment, Also Precluded the Granting of Summary Judgment
 

 “The dual capacity doctrine, first enunciated in this state in
 
 Duprey
 
 v.
 
 Shane
 
 (1952) 39 Cal.2d 781, 793 [249 P.2d 8], holds that if the employer occupies toward his employee a second relationship that imposes obligations different from those he has undertaken in his capacity as employer, he may
 
 *745
 
 be liable in tort in the event the employee
 
 is injured as a result of the violation of those distinct obligations.
 
 The rule has generally been applied to cases in which the employee was injured at work by the use of a product which the employer manufactured for public distribution [citations], or where the employer steps out of his role as employer by providing medical care to the employee [citations]. In 1982, following the accident involved in this case, the Legislature severely limited the scope of the rule by confining its application to a narrow class of product liability cases. (§ 3602, subd. (c).)”
 
 (Jones
 
 v.
 
 Kaiser Industries Corp.
 
 (1987) 43 Cal.3d 552, 560-561 [237 Cal.Rptr. 568, 737 P.2d 771], italics added.)
 

 Labor Code section 3602, subdivision (a) provides:
 

 “Where the conditions of compensation set forth in Section 3600 concur, the right to recover such compensation is, except as specifically provided in this section and Sections 3706 and 4558, the sole and exclusive remedy of the employee or his or her dependents against the employer, and the fact that either the employee or the employer also occupied another or dual capacity
 
 prior to, or at the time of, the employee’s industrial injury
 
 shall not permit the employee or his or her dependents to bring an action at law for damages against the employer.”
 
 [9]
 
 (Italics added.)
 

 Here, the second capacity which Coca-Cola allegedly occupied was as the voluntary caretaker of the evidence related to the Joneses’ claim against Ford and the County, and to Ford’s and the County’s defenses to those claims. That second capacity came into existence
 
 after
 
 James Jones’s industrial injury, and thus the exclusivity provisions of Labor Code section 3602 would not be applicable to the fifth cause of action by the Joneses against Coca-Cola for negligent spoliation of evidence.
 
 [10]
 

 
 *746
 
 Coca-Cola, however, contends that the Joneses’ action is nonetheless barred by the exclusivity provisions of the Act because as a self-insured employer it is
 
 also
 
 acting in the capacity of a workers’ compensation insurance carrier, and because the negligent spoliation of evidence arose out of its normal handling of Jones’s compensation claim. It relies on
 
 Continental Casualty Co.
 
 v.
 
 Superior Court, supra,
 
 190 Cal.App.3d 156, for this proposition.
 

 We realize that the opinion in
 
 Continental Casualty Co.
 
 v.
 
 Superior Court, supra,
 
 190 Cal.App.3d 156, upon which Coca-Cola has repeatedly relied in support of its various contentions in the trial court and before us, is apparently contrary to our holding here. Treating the subject motion to be one for judgment on the pleadings, we disagree with
 
 Continental,
 
 and conclude that it was wrongly decided, primarily because the court in
 
 Continental
 
 failed to make the preliminary analytical step of determining whether the injury alleged by the employee in his action for negligent spoliation of evidence was an injury to the employee’s
 
 person,
 
 or whether it was an injury to his property/prospective economic advantage, before proceeding with its analysis of the nature of the alleged misconduct of the employer and of the right of the compensation carrier to itself assert the exclusive remedy provisions of the Act.
 

 D.
 
 The Trial Court Did Not Abuse Its Discretion by Awarding the Joneses Sanctions Against Coca-Cola
 

 *
 

 
 *747
 
 Disposition
 

 The petition is denied and the alternative writ is discharged.
 

 Ramirez, R J., and McDaniel, J.,
 
 *
 
 concurred.
 

 A petition for a rehearing was denied October 1, 1991, and petitioner’s application for review by the Supreme Court was denied January 8, 1992.
 

 [1]
 

 The facts are taken from documentation in the record, including unverified pleadings and declarations. For the purpose of this opinion they appear to be undisputed by the Joneses and Coca-Cola. These facts do not all relate to the issue here reviewed, i.e„ whether Coca-Cola’s motion for summary judgment should have been granted, but they are necessary background so that the reader is able to understand the alleged facts out of which both the Joneses’ cause of action against Coca-Cola for spoliation of evidence and Coca-Cola’s motion for summary judgment arose.
 

 [2]
 

 Our review of the first amended complaint shows that the Joneses did not plead any of the elements of equitable estoppel in their fifth cause of action, e.g., they did not plead that Coca-Cola represented to them that it had undertaken to preserve the truck in question, or that they had relied on such representations.
 

 [3]
 

 Notably, there was no second amended complaint on file.
 

 [4]
 

 At oral argument Coca-Cola noted that its self-insured status was alleged in the Joneses’ complaint as well as in its own complaint in intervention. However, the fact this allegation is contained in previously filed pleadings is no substitute for the requirement that all facts relevant to a moving party’s theory for summary judgment must be presented, along with a citation to supporting evidence, via the separate statement of facts accompanying the motion for summary judgment. (Code Civ. Proc., § 437c, subd. (b).)
 

 [5]
 

 As noted above, the only ground set out in the notice of Coca-Cola’s motion for summary judgment was the exclusivity provisions of the Labor Code. Although laches implicitly was raised as a possible defense to the Joneses’ estoppel argument by Coca-Cola’s attorney’s accompanying declaration, Coca-Cola made no effort to line up the necessary undisputed facts and references to supporting evidence for a laches defense, and, therefore, laches as a basis for summary judgment was never properly before the trial court. We therefore shall not discuss the possible merits of such a defense in connection with this appeal. (See, e.g.,
 
 366-386 Geary Street, L.P.
 
 v.
 
 Superior Court
 
 (1990) 219 Cal.App.3d 1186, 1199-1200 [268 Cal.Rptr. 678];
 
 De Long
 
 v.
 
 De Long
 
 (1954) 127 Cal.App.2d 373, 374 [273 P.2d 921].)
 

 [6]
 

 At oral argument, Coca-Cola contended that the
 
 damages
 
 suffered by the Joneses are the same for the compensable accident as for the spoliation of evidence, and that therefore the exclusivity provisions should apply.
 

 
 *738
 
 There are two problems with this argument. First, the total amount of compensation recoverable from an employer for a compensable injury is limited by the workers’ compensation act, whereas the total amount of compensatory damages recoverable from a third party tortfeasor for the alleged damage is limited only by the available evidence of the damages caused by the injury and the measure of damages provided by tort law. There is no statutory ceiling on such recovery.
 

 Second, the workers’ compensation act itself defines the parameters of its applicability by reference to compensable
 
 injuries,
 
 not
 
 damages.
 
 Here, the
 
 compensable
 
 injury was the physical injury suffered by Jones. The damage alleged in the Joneses’ cause of action for spoliation of evidence does not arise from a compensable injury, but instead arise from the loss of evidence relevant to the Joneses’ action against the alleged third party tortfeasors.
 

 [7]
 

 Contrary to Coca-Cola’s contentions, the types of injuries and damages referred to in the prayer of the Joneses’ first amended complaint do not dictate and control the applicability of the exclusivity provisions. In spite of their prayer, if they prove their negligent spoliation cause of action, they will be entitled to only those damages allowable by law for such an action and which they are able to prove, and will not be entitled to a double recovery. Postjudgment setoffs and other adjustments and remedies are available. (See
 
 Pichon
 
 v.
 
 Pacific Gas & Electric Co.
 
 (1989) 212 Cal.App.3d 488, 501 [260 Cal.Rptr. 677];
 
 Howland
 
 v.
 
 Balma
 
 (1983) 143 Cal.App.3d 899, 906, fn. 8 [192 Cal.Rptr. 286].)
 

 [8]
 

 Noteworthy is the fact that Coca-Cola actually made such a motion, which was denied, before it noticed the subject summary judgment motion.
 

 [9]
 

 Neither Labor Code section 3706 nor 4558 is applicable here; section 3706 excepts from the exclusivity provisions those employers who have failed to secure compensation insurance or to consent to become self-insured, and section 4558 excepts from the exclusivity provisions employers whose employees’ injuries were caused by the employer’s knowing removal of, or knowing failure to install, a point of operation guard on a power press.
 

 [10]
 

 At oral argument, Coca-Cola for the first time suggested that we are creating a
 
 new
 
 cause of action where none previously existed.
 

 At no time before oral argument did Coca-Cola suggest that an action for spoliation of evidence is a new cause of action, undoubtedly because California recognizes the existence of a cause of action for both negligent and intentional spoliation of evidence. (See
 
 Smith
 
 v.
 
 Superior Court
 
 (1984) 151 Cal.App.3d 491 [198 Cal.Rptr. 829];
 
 Velasco
 
 v.
 
 Commercial Bldg. Maintenance Co., supra,
 
 (1985) 169 Cal.App.3d 874 [215 Cal.Rptr. 504].)
 

 Coca-Cola also urged, at oral argument, that as the owner of the truck it had an unfettered right to dispose of the truck without notice to anyone else and with total immunity from any liability for such disposal. This argument ignores the fact that Coca-Cola, as a complainant in intervention, was a party litigant, with a duty not to lose or destroy evidence relevant to the
 
 *746
 
 lawsuit, and also ignores the fact that the evidence indicates a mixed question of law and fact may exist as to whether Coca-Cola voluntarily assumed a duty to preserve the truck.
 

 The general rule is that “A person who has not created a peril is ordinarily not liable in tort merely for failure to take affirmative action to assist or protect another, no matter how great the danger in which the other is placed, or how easily he could be rescued, unless there is some
 
 relationship
 
 between them which gives rise to a duty to act [citations].” (6 Witkin, Summary of Cal. Law (9th ed. 1988) Torts, § 858, p. 220.) An exception to this general rule “is found in the
 
 voluntary or gratuitous undertaking:
 
 A person not required to perform services for another may sometimes do so, and in such case is under a duty to exercise due care in performance. [Citations.]”
 
 {Id.,
 
 § 868, at p. 234, italics added.) It seems to us that plaintiffs’ allegations that Coca-Cola voluntarily undertook to preserve the Ford pickup truck, and by negligent conduct caused the important components of the truck to “disappear” with a resulting impairment of plaintiffs’ third party causes of action, allege a sufficient cause of action against Coca-Cola for spoliation of evidence.
 

 *
 

 See footnote,
 
 ante,
 
 page 1273.
 

 *
 

 Retired Associate Justice of the Court of Appeal, Fourth District, sitting under assignment by the Chairperson of the Judicial Council.